W. STEWART AND OTHERS v. STEPHEN CROSBY. COM'R. G. L. O.

The Clerks of the District Courts should transcribe in proper books, the records of all judicial proceedings, for which service they must be allowed such fees as may be ordered by the Court, not to exceed the fees allowed by the Act of 1848, for services requiring a like amount of labor ; to be taxed against the losing party. But the fee for such service should be stricken out of the bill of costs, on motion, if the service has not been performed.

Appeal from Travis. Motion to strike from the bill of costs an item of $45, " for final record." No final record had been made. There was an order of Court requiring a final record to be kept in all cases, and allowing the Clerk fifteen cents for every hundred words. The motion was overruled.

*I. A. & G. W. Paschal*, for appellants.

*Brewster & West*, for appellee.

WHEELER, J. We think it clear in any view of the law, that the Clerk could not rightfully make a charge for services never performed. If entitled to charge for a final record, he was bound to make one ; and as he made none, we think the Court erred in not sustaining the motion to strike out of the bill of costs the item charged for making a final record, for

which error the judgment must be reversed. But as it is understood the case is brought here for the purpose of settling the question, as to the duty of the Clerk to make a complete record, and his right to compensation therefor, we have considered the question, and are of opinion that it is a service which may be performed and for which the Clerk will be entitled to compensation upon its performance, to be allowed by the Judge and taxed as other costs to the party adjudged to pay the costs of the suit.

There is much force in the argument that the Act of 1848, (Dig. p. 425,) repealed all former laws relating to the fees of office of the offices therein provided for, and that no fees other than those therein allowed can be charged by the incumbents of those offices, unless provided for by some subsequent statute. And this we think would be the effect of the Act, if it were not that it evidently contemplates the allowance to the Clerk, by the Court, of other fees for services not therein enumerated. It authorises the Clerks of the District Courts to "demand and recover" (Sec. 1) "for every service not "otherwise provided for, such fees as may be allowed by the "District Court, not to exceed the fees herein allowed for ser- "vices requiring a like amount of labor." (Sec. 5.) It is evident from this provision, that the legistature contemplated the performance of other services than those enumerated in the Act for which the Court should make an allowance. There are many reasons why the records of judicial proceedings should be preserved in some more permanent form than the loose papers of a Clerk's office. It may be thought unjust to charge the losing party with the entire expense of making these records, but it seems to rest upon the same principle, upon which he is charged with the other costs in the case. It is allowed by the Court as a fee, for the performance of a service, appertaining to the case, and is therefore chargeable as other costs. The judgment is reversed and the cause remanded.

Reversed and remanded.