Morgan v. Haldeman.

---

HIRAM S. MORGAN v. THOMAS J. HALDEMAN.

Where a complete final record of a suit is made out under an order of Court which fixes the fee for such service, such fee is a proper item to be taxed in the bill of costs.

Appeal from Bastrop. Tried below before H. McLester, Esq., appointed by the parties.

Motion to retax the costs in suit of Thomas J. Haldeman and others v. Thomas J. Chambers and another; the item objected to

being $90 for "making complete record." Motion sustained, and said item ordered to be struck out. The facts before the Court were as follows :—

Order of Court, Spring Term, 1854, that the Clerk be allowed fifteen cents per hundred words for making up a final record in each case, to be taxed in the bill of costs. It was agreed that such record was made in this case, by the Clerk, in a book kept for the purpose. The final decree in the cause.

*G. W. Jones,* for appellant.

*Oldham & White,* for appellee.

HEMPHILL, CH. J.   The special matter complained of in this appeal, was the striking out (on a retaxation of costs in the case of T. J. Haldeman v. Th. J. Chambers et al.,) the item of ninety dollars for making a full and perfect record of all the proceedings in said case.

In all the Acts regulating fees of office prior to the Act of 20th March, 1848, there was a fee allowed for the final or complete record in all cases. No fee was provided for this service by the Act of 1848. But in this Act it was declared that for every service not otherwise provided for, the District Clerk should have such fee as might be allowed by the District Court, not to exceed, &c. Art. 792, Hart. Dig., declares that when by appeal or otherwise, a case shall be taken from the District to the Supreme Court, the Clerk of the District Court shall immediately make up a full and perfect record of all proceedings in such case, and shall on application of either party give him an attested copy of such record.   This language can have no other meaning than that the Clerk should make up what at that time and previously had been known as the complete or final record.   At the passage of this Act, from which the above is cited, viz., in 1846, it was the duty of the Clerk to make a final record in all cases, and to do this immediately in cases of appeal.   There has been no repeal of this provision, and though no fee is now specifically allowed by the statute, for making out the complete record, yet if made out under an order of Court, the Clerk is entitled to his fee.

The order of the Court allowing a fee for the final record in each case was produced at the trial.   It was agreed that the re-

cord was made in a book kept for that purpose. Upon the evidence the judgment should have been for, instead of against the appellant. (Stewart v. Crosby, 15 Tex. R. 513.) Judgment reversed and motion dismissed.

Reversed and dismissed.