## M. A. R. ALLEN v. J. J. WOODSON ET AL.

### (Case No. 1775.)

1. LIMITATION.— It is necessary to prove payment of taxes to sustain the plea of five years' limitation; but their payment may be shown like any other fact, by circumstantial evidence. Following Watson v. Hopkins, 27 Tex., 642.

2. SAME — EVIDENCE.— On a question of fact of this nature, which has been fairly submitted to the jury, and the presiding judge, under whose guidance and direction the case was tried, has heard and refused a motion for new trial, thus indorsing to that extent the correctness of the verdict, the supreme court will not set the verdict aside unless it is believed to be most manifestly wrong, unjust, and contrary to evidence.

3. PRACTICE — TAXING COSTS.— When costs have been improperly taxed in the district court the proper practice is for the party aggrieved to call, in some manner, the attention of the district court to the matter, and demand of the clerk, after the judgment is entered, a bill of costs, duly itemized, and taxed by him as the law authorizes. The party can then move in the district court to have costs retaxed, setting forth the proper items of costs, or he can move to strike from the bill the objectionable items. Unless some such proceeding is had below the supreme court will not afford relief, when applied for on appeal for the first time.

APPEAL from Houston. Tried below before the Hon. John R. Kennard.

The only contest in the trial of this case in the district court was upon the issue whether or not appellee Woodson had so paid the tax due on the land he claimed as to sustain his defense under the five years' statute of limitation; and as to that, the sole question

left in doubt by the evidence was: Had he so paid the tax for the year 1874?

Appellee Woodson, to prove payment of the taxes for the year 1874, relied on his own testimony. This was to the effect that he paid his taxes on the tract in controversy, and all of his lands, for 1874, and every other year. A cross-examination elicited the further fact that he had no recollection of having paid taxes on the land for the particular year; that he could produce no receipt or other fact corroborative of his statement; but was in the habit of paying his taxes promptly when called upon by the collector, according to the demand made, and according to the assessment roll. To meet this evidence appellant brought forward the assessment roll for 1874, and also a certificate from the comptroller's office, from which it appeared that this land had not been assessed; and introduced the collectors, who received the taxes during all of that period, to prove that none were collected that were not assessed on the rolls.

Appellee stated that he always rendered to the officer a list of his lands, and offered evidence to prove that the assessor for 1874 was incompetent and made mistakes; sought to establish that he rendered this land, and the officer failed to enroll and assess it; and upon that hypothesis to found the claim that he was without fault in the failure to assess. The court adopted that view so far as to charge that it was sufficient to meet the statute if he so rendered to the officer, and the latter failed to assess, and that appellee still paid the tax.

*Nunn, Williams & Corry*, for appellant.

*J. R. Burnett*, for appellee.

WEST, ASSOCIATE JUSTICE.—The main question in the case is, Did the proof authorize the finding of the jury that the appellee Woodson had paid the taxes on the land, claimed by him in this suit, for the year 1874?

This court has, on more than one occasion, in passing upon the question of the payment of taxes, as presented under the statute of limitation of five years, held that this fact is one necessary to be proved in order to sustain the plea; but the decisions are that it can be proved like any other fact, by direct or legitimate circumstantial evidence. The law, it is said, prescribes no more stringent rule requiring proof of this fact by more certain or conclusive evidence than is necessary to establish any other fact in the case. Watson *v.* Hopkins, 27 Tex., 642–3.

In the case above cited, it seems the only proof that was offered of the payment of taxes by the party pleading limitation was the introduction in evidence of a contract by which he obligated and bound himself to pay taxes on the land in suit. Yet the court said it was competent evidence for the purpose of showing, along with other facts, the payment of taxes, and was sufficient also for that purpose, if the jury from it believed that he, in fact, had paid the taxes.

This case is cited with approval on this point in Ochoa v. Miller, 59 Tex., 462, 463, decided at the last Austin term of this court. In the case last named, other authorities are also cited.

The question as to whether the land in suit had in fact been rendered and assessed for the year 1874, the question as to whether the taxes had been actually paid or not, were all issues of fact to be submitted to the jury for their determination.

Without going further into the consideration of the subject, we may remark that the evidence in the record does not fully and satisfactorily establish the fact that the land in question was not assessed even in precinct No. 1, for the year 1874, or that the taxes for that year were not, in fact, paid by the appellee Woodson. His receipt for this year may have been lost. The assessment of the property may have been in this case, as it frequently is in others, on several rolls, instead of one; there may have been an additional assessment roll, or possibly a supplemental tax roll; in short, the evidence by no means conclusively shows that there was not in fact an assessment of this property for the year 1874, and a payment of the taxes for that year. One of the witnesses, and a person competent, too, to judge, detailed in the presence of the jury the fact that the assessor, whose duty it was to place the land on the tax roll for 1874, was an incompetent person, and that many complaints of his mistakes were heard.

Appellant's view of the case has been very strongly and ingeniously pressed upon our consideration. We are of opinion, however, that on questions of fact of this nature, where the question has been fairly submitted to a jury, and they have rendered a verdict, and the presiding judge, in whose presence and under whose guidance and direction the case was tried, has heard a motion for a new trial and refused it, thus indorsing to that extent the correctness of the verdict, that we ought not, under such circumstances, to set a verdict aside, unless we believed it to be most manifestly wrong and unjust, and contrary to the evidence.

In regard to the sixth assignment of error, as to the action of the

court in giving judgment for all the costs in the case against the appellant, we do not think that the matter is properly brought before us for revision by being merely assigned as error.

The attention of the district court does not seem to have been called, in any manner, to the subject. It was not named in the motion for new trial. No action of any kind was had there, with a view to its correction here, if the final judgment, in that respect, was wrong. The proper and more correct practice, in reference to such matters, is for the party aggrieved to call in some manner the attention of the court to it and demand of the clerk, after the judgment is entered, a bill of costs, duly itemized, and taxed by him as the law authorizes.

On the receipt of this the party can move in the district court to have the costs retaxed, setting out in his motion the proper items of cost, as was done in Morgan v. Haldeman, 20 Tex., 58, 59, or he can move, as was done in Stewart v. Crosby, 15 Tex., 513, to strike from the bill of costs the objectionable items. Unless this is done in some manner, as was in effect decided in the case of Castro v. Illies, 11 Tex., 39, 40, this court will not notice the matter.

As was said by Judge Lipscomb in the case last cited: "We have nothing to do with the retaxation of costs, until action has been taken and a decision on the proceeding to retax costs in the court below." See, also, to the same effect, Jones v. Ford, Tyler term, 1883 (ante, p. 125).

The judgment is affirmed.

AFFIRMED.

[Opinion delivered January 29, 1884.]