## M. A. R. ALLEN vs. J. J. WOODSON et al.

### SUPREME COURT, GALVESTON TERM, 1884.

*Payment of taxes* as presented under the statute of five years limitation is a fact necessary to be proved in order to sustain the plea, but it may be proved like any other fact, either by direct or legitimate circumstantial evidence.

*It has been heretofore held* to be sufficient proof of payment of taxes if the party pleading limitation relied solely upon a contract, obligating and binding him to pay the same, if with other facts it was sufficient for the purpose, and the jury from it believed that he in fact had paid the taxes.

*Whether or not land* had been rendered and assessed for any given year, and whether or not the taxes thereon had been actually paid are issues of fact to be submitted to the jury.

*On questions of fact*, where they have been fairly submitted to the jury who have rendered a verdict thereon and the judge who tried the case has heard and refused a motion for a new trial, this court will not interfere unless the verdict is manifestly wrong and is clearly against the evidence. See this case in illustration.

*This court will not* act upon a question of retaxation of costs, until action has been taken, and a decision had on a proceeding to retax costs in the court below. But see the opinion of the court for suggestions as to the proper mode of procedure in the matter.

Appeal from Houston County.

*Nunn, Williams & Corry* for appellant.

*Denson & Burntit* for appellee.

Opinion by West, J.

The main question, in the case is, did the proof authorize the finding of the jury, that the appellee, Woodson, had paid the taxes on the land claimed by him, in this suit, for the year 1874?

This court has, on more than one occasion, in passing upon the question of the payment of taxes, as presented under the statute of limitation of five years, held, that this fact is one necessary to be proved, in order to sustain the plea, but the decisions are that it can

be proved like any other fact by direct or legitimate circumstantial evidence.

The law,it is said, prescribes no more stringent rule,requiring proof of this fact by more certain or conclusive evidence than is necessary to establish any other fact in the case. Watson vs. Hopkins, 27 Texas, 642-3.

In the case above cited, it seems the only proof that was offered of the payment of taxes by the party pleading limitation was the introduction in evidence of a contract by which he obligated and bound himself to pay taxes on the land in suit. Yet the court said it was competent evidence for the purpose of showing, along with other facts, the payment of taxes, and was sufficient also for that purpose, if the jury from it believed that he in fact had paid the taxes. This case is cited with approval on this point in Ochod vs. Miller, 59 Texas, 462-3, decided at the last Austin Term of this court. In the case last named other authorities are also cited.

The questions, as to whether the land in suit, had in fact been rendered and assessed for the year 1874; the questions as to whether the taxes had been actually paid or not, became issues of fact to be submitted to the jury for their determination.

Without going further into the consideration of the subject we may remark that the evidence in the record does not fully and satisfactorily establish the fact that the land in question was not assessed, even in precinct No. 1 for the year 1874, or that the taxes for that year were not in fact paid by appellee, Woodson. His receipt for this year may have been lost. The assessment of the property may have been in this case, as it frequently is in others, on several rolls, instead of one; there may have been an additional assessment roll, or possibly a supplemental tax roll; in short, the evidence by no means conclusively shows that there was not in fact an assessment of this property for the year 1874, and a payment of the taxes for that year. One of the witnesses, and a person competent too to judge, detailed in the presence of the jury the fact that the assessor whose duty it was to place this land on the tax roll for 1874, was an incompetent person, and that many complaints of his mistakes were heard.

Appellant's view of the case has been very strongly and ingenuously pressed upon our consideration. We are of the opinion however that on questions of fact of this nature, where the question has

been fairly submitted to a jury and they have rendered a verdict, and the presiding judge, in whose presence and under whose guidance and direction, the case was tried, has heard a motion for a new trial, and refused it, thus indorsing to that extent the correctness of the verdict, that we ought not under such circumstances to set a verdict aside, unless we believe it to be most manifestly wrong and unjust and contrary to the evidence.

In regard to the sixth assignment of error as to the action of the court in giving judgment for all the costs in the case against the appellant we do not think that the matter is properly brought before us for revision by being merely assigned as error.

The attention of the district court does not seem to have been called in any manner to the subject. It was not named in the motion for a new trial. No action of any kind was had there, with a view to its correctness here, if a final judgment, in that respect, was wrong.

The proper and more correct practice in respect to such matters is for the party aggrieved to in some manner call the attention of the court to it and demand of the clerk, after the judgment is entered, a bill of costs, duly itemized and taxed by him as the law authorizes.

On the receipt of this the party can move in the district court to have the costs retaxed, setting out in his motion the propre items of costs, as was done in Morgan vs. Haldeman, 20 Texas, p. 53–59, or he can move, as was done in Sewart vs. Crosby, 15 Texas, 513, to strike from the bill of costs the objectionable items.

Unless this is done in some manner, as was in effect decided in the case of Castro vs. Illies, 11 Texas, p.p. 39–40, this court will not notice the matter.

As was said by Judge Lipscomb in the case last cited: "We have nothing to do with the retaxation of costs until action has been taken, and a decision on the proceeding to retax costs in the court below." See also to the same effect, Jones vs. Ford, 60 Texas, p. Tyler Term 1883. The judgment is affirmed.