JOHN R. SEEMULLER ET AL. V. PAUL F. THORNTON ET AL.

No. 6705.

1. **Limitation—Tax Deed.**—A tax deed offered in evidence, duly acknowledged and recorded, as a basis for limitation, is admissible for that purpose without first proving that the land had been properly assessed, that before the sale the time for making sales for unpaid taxes had arrived, that the land had been advertised for the proper time, or that the officer was legally empowered to make the sale.

2. **Evidence.**—Receipts from the proper officer for taxes paid on land which identify the land by the proper abstract number, but not by the name of the grantee, the terminal letter of the grantee's name being omitted, are admissible in evidence, leaving the question of the payment of taxes to the jury.

APPEAL from Bell.    Tried below before Hon. W. A. Blackburn.
The opinion states the case.

*Montieth & Furman,* for appellants. — The court erred in admitting in evidence, over objections and exceptions of plaintiffs, the tax deed executed by W. S. Rather, tax collector of Bell County, Texas, to Silas Baggett, on June 7, 1878.

(1) It does not appear from the face of the deed that the land attempted to be described had ever been listed as the property of an unknown owner or owners before advertisement and sale by tax collector; and as no presumption is indulged in favor of this necessary preliminary step in order to sustain a tax deed, the said deed should have been excluded from the jury.    Meredith v. Coker, 65 Texas, 29; Clayton v. Rhem, 67 Texas, 52; Calder v. Ramsey, 66 Texas, 218.

(2) It does not appear from the face of said deed that the time provided by law for the payment of taxes on said land had expired, except as a conclusion of the tax collector, and shows no reason or facts from which the court can determine that such conclusions were correct, and no presumption is indulged by the law in favor of said deed; therefore, said deed should have been excluded by the court.    Harrington v. Worcester, 6 Allen, 576.

(3) Said deed does not show such facts as to inform the court that the taxes on said land was by any proper legal notice demanded of the owners of said land, and no presumptions are indulged by the law that such proper legal demand was made in order to sustain such a title.    2 Desty on Tax., p. 692.

(4) It does not appear from the face of said deed how said land was levied upon and seized, except as a conclusion of the tax collector that the same was done in accordance with law.    It does not show such facts as to inform the court that said land was by any legal method levied upon and seized, except by the tax roll, when there was no tax roll referred to; and no presumptions are indulged by the law that the facts required by law to give this deed validity existed; therefore said deed should have been excluded by the court.

(5) Said deed does not recite such facts as to inform the court how, or when, or for how long a period said land was advertised for sale, or when or where the same was sold, except the conclusion of the tax collector that it was done according to law; and on the face of said deed there is no showing of force or validity. Henderson v. White, 69 Texas, 103; 2 Desty on Tax., 916, 917; State v. Moritz, 62 Mo., 258; Miller v. Hurford, 11 Neb., 384; Lane v. Cook, 15 Wis., 446; Smith v. Hileman, 2 Ill., 323; 2 Dev. on Deeds, 1402, 1403.

(6) Said lands purported to be sold by W. S. Rather, who was sheriff of Bell County, Texas, and who was not shown to be tax collector of Bell County, Texas, either in fact or by virtue of the office of sheriff of Bell County; and in order to give his acts in the sale of said property any force or validity it must be shown that he was authorized to exercise the duties of tax collector. Nelson v. Edwards, 55 Texas, 389; 2 Desty on Tax., 910, 911; Cogel v. Rath, 24 Minn., 194; Cogburn v. Hunt, 56 Miss., 719.

(7) It appears from the face of said deed that there had been an alteration of said deed in different ink, showing that the name of the survey sold as described in the deed had been changed from B. L. Cole survey to B. L. Coles survey. Parker v. Glover, 23 Texas, 471; Ricks v. Wofford, 31 Texas, 415; 1 Greenl. on Ev., secs. 5, 64, and cases cited; Sutphin v. Hordenberg, 5 Halst., 288; Herrick v. Mallin, 22 Wend., 388; 2 Pars. on Con., 720.

*Harris & Saunders*, for appellees.—1. An instrument purporting to be the act of a person having authority to convey land reciting such facts, even in a general way as show the authority, expressing a lawful consideration, describing the property the subject matter of the instrument so that it can be identified and distinguished from all other property, and purporting to convey the property described to the grantee named in the instrument, is a deed as the term is used in the statute of limitations. Wofford v. McKinna, 23 Texas, 36; Flanagan v. Boggess, 46 Texas, 335; House v. Stone, 64 Texas, 677; Beverly v. Burke, 9 Ga., 440; Fry v. Baker, 59 Texas, 404.

2. The fact of a person acting in an official or public capacity is prima facie evidence of his having been duly authorized so to do. The maxim *"omnia præsumuntur rite esse acta"* applies to such officers as tax collectors. 2 Best on Ev., secs. 356, 358; 1 Greenl. on Ev., sec. 83; 1 Phil. on Ev., sec. 449; Burrow v. Brown, 59 Texas, 457; Rowan v. Lamb, 4 Greene, 468.

3. The sufficiency of the deed to enable one holding under it to prescribe under the five years statute of limitation is not affected by the want of authority or capacity in the person making it. Fry v. Baker, 59 Texas, 404.

STAYTON, Chief Justice.—It is conceded that appellants were entitled to recover the land in controversy, unless appellee Thornton had acquired title through adverse possession.

No question is made as to the sufficiency of the evidence to show facts necessary to the acquisition of title to land under the five years statute of limitation.

It is claimed, however, that the court erred in admitting in evidence a tax deed under which appellee claims, and admitting some tax receipts, as well as in a charge given.

Appellee offered in evidence a tax deed under which he claimed, executed by the tax collector of the county in which the land was situated.

The deed on its face professes to convey the 320 acres of land sued for, which constitutes the entire grant, and no objection is taken to its form, but it is claimed that the deed had been altered since its execution by the addition of the terminal letter to the name of the original grantee.

The land was patented to B. L. Coles, and it was insisted in the court below, as is it here, that the name of the grantee was written in the deed at the time of its execution without the final letter, and that this has been since inserted without authority.

To show that fact the original deed was sent up, and from an inspection of it we see no reason even to suspect that the deed has been in any manner altered since its execution, or that it is not in every respect just as it was first written.

The admission of the tax deed was objected to on following grounds: That it did not appear from the face of the deed that the land had been assessed as property of an unknown owner before advertisement and sale; that it did not appear, except from a statement in the deed, that time for payment of taxes had expired when sale was made; that it did not show that taxes had been demanded of the owner, except through a recital in the deed; that the deed did not show how the levy was made; that the deed did not show how long the land was advertised for sale; and because it was not shown that the person who executed it was authorized to exercise the powers of tax collector—he signing the deed in that capacity and being shown to have been sheriff of the county.

The deed was admitted solely as a basis for limitation pleaded, and the charge of the court carefully required the jury to consider it for no other purpose.

The instrument offered in evidence was, within the meaning of the statute, a "deed."

Whether the land had been properly assessed, the time for making sales for unpaid taxes had arrived, the land advertised for the proper time, or the officers legally empowered to make the sale and deed, would be important inquiries if the deed had been offered as evidence within itself

of title; but it was not offered for that purpose, and though it may not have been effective to pass title, it was nevertheless a "deed."

As said in Wofford v. McKinna, 23 Texas, 43, "the statute intends an instrument which is really and in fact a deed, possessing all the essential legal requisites to constitute it such in law; * * * an instrument by its own terms, or with such aid as the law requires, assuming and purporting to operate as a conveyance; not that it shall proceed from a party having title or must actually convey title to land; but it must have all the constituent parts, tested by itself, of a good and perfect deed."

The instrument may not have passed title, for any of the reasons which would have deprived the officer making it of power to sell and make a deed; yet it was in form a deed professing to convey the land in controversy, executed by a person having power under given facts to make a deed that would pass title. The court properly admitted it for the single purpose.

It is urged that the court erred in admitting in evidence tax receipts for the years 1884 and 1886. The objection made was that the receipts did not evidence payment of taxes on the land in controversy. These receipts showed that the taxes were paid on lands granted to B. L. Cole, while the land in controversy was granted to B. L. Coles; but the receipts identified the land by the correct abstract number, and if the names were not *idem sonans* the court properly admitted the receipts and left the question of payment of taxes on the land in controversy to the jury. The charge of the court as to the purpose for which the deed offered in evidence might be used was strictly correct.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered April 25, 1890.