**HOLASEK et al. v. JANEK.** (No. 8693.)

(Court of Civil Appeals of Texas. Dallas. June 17, 1922.)

1. **Evidence**  158(16)—**Parol evidence as to defendant's payment of taxes during period covered by limitation sought to be established admissible.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 5674, providing that suits instituted to recover real estate against persons having peaceful and adverse possession shall be instituted within 5 years next after the cause of action accrued, where in trespass to try title defendants had complied with every other requisite of the 5-year statute other than the payment of taxes for the period beginning June 1, 1915, parol evidence as to the payment for 1915 was admissible, as payment of taxes may be proved by tax collector's receipts, records of taxes collected in the tax collector's office, or by direct or circumstantial evidence.

2. **Judgment**  251(1)—**Not within power of court to render judgment of title to land not involved in litigation by proper pleadings.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7733, court had no jurisdiction to enter judgment, including 3.1 acres not described in plaintiff's petition.

3. **Trespass to try title**  6(1)—**Party asserting title succeeds only on showing superior right.**

In trespass to try title plaintiff is not entitled to recover any portion of the land sued for because of want of title by defendant, but only by showing his superior right thereto.

Appeal from District Court, Hill County; Norton B. Porter, Judge.

Trespass to try title by Victor Janek against Charles Holasek and another. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Street, Willis & Coston, of Waco, for appellants.

Collins, Dupree & Crenshaw, of Hillsboro, for appellee.

VAUGHAN, J. This is an appeal from a judgment in an action of trespass to try title, awarding to appellee the title to and possession of 12.42 acres of land out of the S. W. ¼ of section 26, Tyler county school land in Hill county, Tex.

Appellee filed his petition August 20, 1920, by which he sought to recover from appellants 9.22 acres of land out of said S. W. ¼ of section 26, described by field notes in said petition as follows:

"Beginning at a point S. 30 E. 146 vrs. from the west division corner between ¼ sections N. W. and S. W. of said section 26 of Tyler county school land sur; thence 476 vrs. to division line between Victor and Emanuel Janek; thence S. 30 E. 73⁹/₁₀ vrs. to Tabola fence; thence S. 51 degrees and 12 minutes W. 481.7 varas to west line of said S. W. ¼ of sec. 26; thence N. 30 W. 146 varas to the place of beginning, containing 9.22 acres of land."

The muniments of title introduced in evidence established the record title to be in appellee to said 9.22 acres of land.

Appellants, among other defenses, urged the statute of 5 and 10 year limitation by appropriate pleas. The court properly submitted to the jury the issues presented by said pleas, and the evidence introduced in support of same, which were resolved by the answers of the jury against appellants.

Under the view we take of this appeal it is only necessary to consider two of the propositions presented by appellants, to wit:

[1] 1. The court refused to permit the witness Mary Tabola to testify to the effect that she paid the taxes on the land in controversy for the year 1915, on the ground that the tax record was the best evidence of the payment of the taxes. The witness had testified,

"I remember selling to Betty Holasek and Charles Holasek, her husband, some land in 1915. This land is still in the possession of Betty and Charles Holasek."

After which the following question was propounded by appellants:

"Who paid the taxes on said land that you sold to Betty and Charles Holasek in 1915?"

To which question appellee's objection was sustained. If the witness had been permitted to answer said question she would have testified:

"That she paid all taxes on the tract of land that she sold to Betty Holasek for the year 1915."

At this time there was before the court and jury, properly introduced in evidence, a deed from the witness Mary Tabola to Betty and Charles Holasek of date March 29, 1915, and duly filed for record June 1, 1915, conveying the land in controversy. Appellants were seeking to establish title to said land under the 5-year statute of limitation, and, in order to do so, it was necessary to prove the payment of taxes against said tract of land during the period of time covered by the limitation period sought to be established by appellants, to wit, from June 1, 1915, to August 20, 1920, the date appellee's suit was filed. Vernon's Sayles' Texas Civil Statutes 1914, art. 5674; Kelly v. Medlin, 26 Tex. 48; Murphy v. Welder, 58 Tex. 235.

Appellants had established a compliance with every other requisite of the 5-year statute of limitation other than the payment of the taxes for the period of time beginning with the 1st day of June, A. D. 1915. They proved payment of taxes for the years 1916, 1917, 1918, and 1919. The evidence excluded as to

the payment of taxes for 1915 was admissible, as the payment of taxes may be proved by receipt issued by tax collector, the record of taxes collected kept in the office of the tax collector, or by direct or circumstantial evidence; the method of establishing the payment of taxes being one of choice, not to be exercised by the trial court, but by the litigant upon whom rests the burden of establishing such fact, which is not required to be established by any particular form of evidence to an absolute certainty, but only to a reasonable certainty like any other ordinary fact in dispute and required to be established in the course of a judicial investigation. McDonough et al. v. Jefferson County et al., 79 Tex. 535, 15 S. W. 490; Brymer et al. v. Taylor et al., 5 Tex. Civ. App. 103, 23 S. W. 635; Smith v. Estill et al., 87 Tex. 264, 28 S. W. 801; Watson, Adm'r, v. Hopkins, 27 Tex. 637; Allen v. Woodson et al., 60 Tex. 651.

[2] 2. The judgment of the trial court includes 3.1 acres of land not described in appellee's petition and to which appellee did not establish even a shadow of title, and, though appellee had established title to same, not being involved in the litigation by proper pleadings, it would not have been in the power of the trial court to render judgment in favor of appellee for said 3.1 acres of land.

[3] One of the indispensable requirements of a petition in an action of trespass to try title is that—

"It shall describe the premises by metes and bounds, or with sufficient certainty to identify the same." Vernon's Sayles' Texas Civil Statutes 1914, art. 7733.

The necessity, reason, and purpose of this statute, on reflection, should be apparent and so self-evident as not to require more than a statement to recall the importance of its office when same inadvertently has been overlooked. If appellee's petition had been sufficient, in that the entire 12.42 acres of land included in the judgment had been therein properly described, so that the title would have been involved in the suit, nevertheless' appellee, having failed to establish title to same, was not in position to recover, although appellants might have failed to establish even a shadow of claim, right, or title to the 3.1 acres of land not included within the field notes contained in appellee's petition describing the land involved in the suit. Appellee was not entitled to recover any portion of the land sued for because of the want of title on the part of appellants, but only by virtue of showing his superior right thereto, in that he had title to the propery which should be recognized and enforced by the court. In other words, the burden of proof was upon appellee, not only to show that appellants did not have title to the land sued for, but to establish his title thereto. Houston Oil Co. v. Miller & Vidor Lbr. Co. (Tex. Civ. App.) 178 S. W. 830; Webster et ux. v. Int. & Gt. N. Ry. Co. (Tex. Civ. App.) 193 S. W. 179. It was at least incumbent upon appellee, in order to recover, to have established title in himself to the land embraced in the field notes in judgment superior to that of appellants. This he signally failed to do as to the 3.1 acres included in said judgment. Speed v. Sadberry (Tex. Civ. App.) 190 S. W. 781.

The land involved is described as being out of the S. W. ¼ of section 26. This is disclosed by the record to be a clerical error, as the field notes as located on the ground to the 9.22 acres clearly establish said tract of land as being out of the N. W. ¼ of said section. However, this error is of no moment, as in either event the record title was disclosed to be in appellee whether said 9.22 acres of land is out of the N. W. ¼ or the S. W. ¼ of said section 26. It is well to observe that if the land sued for be in fact out of the S. W. ¼ of section 26, appellants made no claim of title to said land, as their pleas of limitation only applied to said tract of land if out of the N. W. ¼ of said section 26. We make this observation merely to keep the record straight.

By reason of the errors above pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.