### GROGAN v. LEA. (No. 2398.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 25, 1925. Rehearing Denied March 11, 1925.)

**1. Pleading ⬤�söng204(5)—General demurrers to answer good in part properly overruled.**

In action on note given in part payment for land, wherein defendant's answer and cross-action, in addition to relying on express and implied warranties of deed, set up plaintiff's failure to pay taxes as agreed, which agreement induced purchase and execution of note, *held*, that plaintiff's general demurrers to answer and cross-action for failure to allege that taxes were illegally assessed were properly overruled.

**2. Vendor and purchaser ⬤⟸198—Parties may orally contract independent of deed that vendor shall pay taxes on property.**

Vendor and vendee may, independent of deed, contract orally that vendor shall pay taxes, though such agreement does not necessarily affect right or lien of state or municipality to whom taxes may be due.

**3. Vendor and purchaser ⬤⟸315(2) —Tax receipts held admissible to show vendee paid taxes which vendor had agreed to pay.**

In vendor's action on note given for part of purchase price, tax receipts were admissible as tending to show that vendee had paid taxes on property which vendor had agreed to pay.

**4. Vendor and purchaser ⬤⟸315(3)—Evidence held sufficient to support finding that property conveyed had been assessed for taxes.**

Evidence introduced by vendor *held* sufficient to support finding that property was assessed for taxes, even if tax receipts introduced by vendee were insufficient.

**5. Evidence ⬤⟸383(7), 419(1)—Recitals of written instrument as to consideration are not conclusive; consideration may be shown by parol.**

Recitals of written instrument as to consideration are not conclusive, and real consideration may be shown by parol.

**6. Evidence ⬤⟸419(1)—It is not necessary to allege fraud, accident, or mistake to make parol evidence admissible to vary consideration of written instrument.**

It is not necessary to allege fraud, accident, or mistake to make parol evidence admissible to vary consideration of written instrument.

**7. Evidence ⬤⟸419(4)—Admission of parol evidence that vendor agreed to pay taxes on property held admissible.**

It was not error to admit parol evidence that vendor agreed to pay taxes on property for current year as they became due and payable.

**8. Vendor and purchaser ⬤⟸181, 198—Vendee had right to pay taxes; taxes paid by vendee to be credited on purchase price.**

Where vendor agreed to pay taxes on property, vendee had right to pay such taxes and have payment credited on purchase price on vendor's failure to do so.

**9. Vendor and purchaser ⬤⟸170—Tender of amount of purchase-money note less amount of taxes which vendor agreed to pay, but did not, held good tender.**

Where vendee paid taxes on property which vendor had agreed to pay, tender to vendor of amount of note for purchase price, less amount of such taxes, was good tender.

Appeal from District Court, Dickens County; J. H. Milam, Judge.

Action by F. W. Grogan against R. E. Lea. Judgment for defendant, and plaintiff appeals. Affirmed.

W. E. Lessing, of Spur, for appellant.
W. D. Wilson, of Spur, for appellee.

JACKSON, J. This suit was instituted in the district court of Dickens county by appellant, F. W. Grogan, against the appellee, R. E. Lea, on a note for the sum of $1,352.80 bearing date April 28, 1923, with 10 per cent. annual interest from date and providing for 10 per cent. attorney's fees, and payable to appellant at Spur, Tex., and due on or before January 1, 1924. The note was given in part payment for an undivided one-half interest in lots Nos. 25 and 26, in block No. 5, situated in the town of Spur, Tex., conveyed by appellant and his wife to appellee by a warranty deed dated April 28, 1923, and the deed retained a lien to secure the payment of the note, interest, and attorney's fees. Appellant alleged that the note was past due and the same had been placed in the hands of an attorney for collection, and prayed for judgment for the note, interest, attorney's fees, costs of suit, and foreclosure of his lien.

The appellee answered by general demurrer, general denial, and, by special plea, admitted the execution of the note as a part consideration for the land described in plaintiff's petition, and alleged that in the negotiations of the sale and purchase of said property, that as an inducement to him to purchase the property and execute the note sued on, appellant agreed to pay the taxes as they became due for the year 1923, which

taxes had already been rendered for said year, and that relying on such agreement, appellee purchased the property and executed the note; that the conveyance to him was by general warranty deed and did grant, sell, and convey to the appellee the property, and did covenant with appellee that said property was free from incumbrances except the indebtedness assumed by defendant, and appellant bound himself to warrant and defend the premises against all incumbrances; that the taxes on said property for the year 1923 was the sum of $192 and constituted a lien thereon, although not payable at the date of said conveyance, and that said taxes became due and payable October 1, 1923, and that thereafter and before the maturity of the note, appellee requested appellant to pay said taxes which appellant refused to do; that in December, before the maturity of said note, appellee tendered to plaintiff at the Spur National Bank of Spur, Tex., where said note was by its terms made payable, the sum of $1,443, the full amount due on said note to maturity if appellant would pay said taxes, which tender was refused; that such failure and refusal to pay the taxes when due was a breach of appellant's agreement to pay said taxes for the year 1923, as well as a breach of his covenents against incumbrances and of his general warranty in the deed, by reason of which breaches defendant was compelled to and did pay taxes in the sum of $192 in order to protect the property sold to him; that appellee, before the maturity of said note and before it was placed in the hands of an attorney for collection or suit brought thereon, tendered to appellant at the Spur National Bank $1,251, the full amount of said note, less said taxes, and paid the taxes amounting to $192, which tender was by the appellant refused, and appellee thereupon deposited the sum of $1,251 with said bank and said sum remained on deposit with said bank for appellant's acceptance in satisfaction of the note and lien; that appellee was at all times ready, willing, and able to pay the appellant, and tendered said sum of $1,251 in court with tax receipts showing the payment of taxes; that by reason of these facts the appellee was entitled to a credit for the sum of $192 taxes, and appellant was in justice, equity, and good conscience bound to accept said sum in full payment and satisfaction of the note and lien; and prayed that appellant take nothing by his suit other than the sum of $1,251 so tendered, and that the note and lien be adjudged satisfied and removed as a cloud from the title to the property, and for general, special, and equitable relief.

The appellant, by supplemental petition, pleaded general and special exceptions, general denial, and specially pleaded that at the time of the execution and delivery of the deed to appellee and the note to appellant, the appellee made a verbal agreement with appellant, by which agreement the appellee, in consideration of $150 paid to him by appellant, agreed to assume and pay the taxes on the property for the year 1923.

The case was submitted to the court without the intervention of a jury, and judgment was rendered that appellant take nothing by his suit against appellee other than the recovery of $1,251 tendered into court by appellee; that the sum so tendered be adjudged to appellant in full satisfaction and discharge of the note and lien sued on, and directed the clerk to pay said sum to appellant in full satisfaction of the note and lien; that the note and lien be canceled; and that all costs be adjudged against appellant.

[1] Upon the request of appellant the court filed his findings of fact and conclusions of law.

Appellant, in his first proposition, assigns as error the action of the trial court in overruling the demurrers leveled at the sufficiency of the answer and cross-action of appellee to permit a recovery of the taxes as an incumbrance on the property under the express or implied warranty in the deed executed by appellant to appellee, because in the answer and cross-action there was no affirmative allegation that the taxes had been legally assessed by any constituted authority. The exceptions to appellee's answer and cross-action and appellant's assignments of error disclose that the contention urged in this proposition was never presented in the trial court except as suggested by a general demurrer, and consequently should not be sustained, because in the answer and cross-action of appellee, in addition to relying on the express and implied warranties in the deed, he pleaded that as an inducement to him to purchase the property and execute the note sued upon, the appellant agreed to pay the taxes on the property for the year 1923 as they became due, and that relying on such agreement, he purchased the property and executed the note.

[2] The vendor and vendee of property may, independent of the deed, contract that the vendor shall be liable for and pay the taxes, though such an agreement does not necessarily effect the right or lien of the state or municipality to whom the taxes may be due (Cooley on Taxation, vol. 2, par. 603), and such contract may be oral (Thompson on Real Property, vol. 4, par. 3051; C. J. vol. 22, par. 1555). This proposition does not present reversible error.

[3, 4] In his second and fifth propositions, appellant urges as error the action of the trial court in holding that the tax receipts offered in evidence were sufficient to show a legal assessment of taxes—an incumbrance against the property—and that the admission of the receipts for such purpose was error.

The tax receipts admitted by the court were admissible as evidence tending to show

that appellee had paid the taxes on the property. Seemuller et al. v. Thornton et al., 77 Tex. 156, 13 S. W. 846; Brymer et al. v. Taylor et al., 5 Tex. Civ. App. 103, 23 S. W. 635; Martinez v. Bruni et al. (Tex. Civ. App.) 216 S. W. 655, and cases cited.

The appellant called the tax collector of Dickens county as a witness, who identified the written assessment made by the county which he introduced in evidence. He also called the tax assessor of Dickens county, who also acted as tax assessor of the city and school district as a witness, and the assessor testified that the inventory he held in his hand was the inventory of the Spur Light & Power Company, and was for the city and school taxes, both taken on the same sheet; that the rendition was made on June 14, 1923, and covered the entire property of the Spur Light & Power Company; that he did the assessing for the city and school, and also for the county on the property, and that the City Light & Power Company of Spur was situated on lots 25 and 26 in block 5 of the town of Spur. Therefore, if it was necessary for the court to find that the property was assessed for taxes, the evidence offered by appellant was sufficient to support such finding.

[5-7] Appellant, in his third proposition, challenges the correctness of the ruling of the trial court in permitting the introduction of parol testimony of the alleged agreement of appellant to pay the taxes as an incumbrance on property not conveyed in the deed.

The court found that on or about April 18, 1923, the appellee purchased from appellant an undivided one-half interest in and to what is known as the Spur Light & Power Plant situated in the town of Spur, Dickens county, Tex., consisting of lots Nos. 25 and 26, in block No. 5 in said town, with the buildings, machinery, and fixtures thereon, together with the poles, wires, and all other property of said Spur Light & Power Plant, for a consideration of $13,750, partly for cash and partly on credit; that this transaction was evidenced by a warranty deed in which a one-half undivided interest in the lots, together with all the appurtenances thereto belonging, were conveyed, and a bill of sale of even date, containing covenants of general warranty, and that in the negotiations between appellant and appellee, and in the consummation of the sale and purchase of said property, it was agreed between them, as a part of the consideration for said transaction and the execution of the note sued on, that the appellant would pay all taxes on the property for the year 1923 as they became due and payable, and that but for such agreement by appellant, appellee would not have purchased the property and executed the note, and these findings of the trial court are amply supported by the testimony.

"As a general rule the recitals of a written instrument as to the consideration are not conclusive, and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was. * * *"

"The principle admitting oral evidence to vary the consideration expressed in a written instrument does not rest upon the ground of fraud, accident or mistake, and hence it was not necessary, in order to form a basis for the admission of such evidence, that the pleadings should contain any allegation thereof." C. J. vol. 22, pars. 1555 and 1665; Johnson v. Elmen et al., 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Whitehead v. Weldon et al. (Tex. Civ. App.) 264 S. W. 958; Callaway v. Albin (Tex. Com. App.) 261 S. W. 372.

[8] Appellant, in his fourth and sixth propositions, urges as error the action of the trial court in holding that taxes in municipal corporations become liens on January 1st of the year in which such taxes are assessed, because the warranties in a deed cover only incumbrances existing at the time of the execution and delivery of the deed, and not taxes assessed after such execution and delivery.

In our view of this case, appellant was bound by his oral agreement to pay the taxes for the year 1923 as they became due and payable, independent of whether such taxes were an incumbrance upon the property at the time of the consummation of the deal, and that the appellee had the right to pay said taxes in order to protect his interest, and have such payment credited on the amount due appellant on the note. Richey, Tax Collector, et al. v. Moore, 112 Tex. 493, 249 S. W. 172; Swope v. Missouri Trust Co., 26 Tex. Civ. App. 133, 62 S. W. 947.

[9] Appellant, in his seventh and eighth propositions, presents for review the action of the trial court in holding that a tender of the amount due on the note, less the amount of taxes paid by appellee, was made to appellant before the suit was filed, and because the evidence fails to disclose that the proper amount was tendered. These findings by the court are sustained by the evidence, and as a matter of law, the tender was sufficient. Engelbach et al. v. Simpson, 12 Tex. Civ. App. 188, 33 S. W. 596; Texas Bank, etc., Co. v. Kelly (Tex. Civ. App.) 202 S. W. 357.

No reversible error appearing in the record, the judgment of the trial court is affirmed.