PEARLY TRUESDELL & another *vs.* STEPHEN R. GAY & others,

A wall, built around three sides of the stack of an iron furnace, at the distance of a few feet from it, in order to protect it from the possible sliding down of earth from a hill at the foot of which it stands, is not a building, within the meaning of the *St.* of 1851, *c.* 343, and including labor performed upon the wall, in a statement filed in the town clerk's office under that statute, will defeat any lien for work done upon the furnace.

PETITION, under *St.* 1851, *c.* 343, to enforce a lien upon real estate for labor upon the stack of an iron furnace, and upon the walls built around three sides of it, and at the distance of a few feet from it, to protect it from the earth which might otherwise slide down upon it from a hill at the foot of which it stood.

The certificate filed by the petitioners in the registry of deeds, under *St.* 1851, *c.* 343, § 2, stated the account as in the margin.*

At the trial in the court of common pleas, it appeared that all the labor was performed under a contract in writing made with Henry Burden, an agent of the respondents ; and that the amounts and prices thereof, and the payments received by the petitioners, were truly stated in the certificate.

The respondents, among other objections to the maintenance of the petition, contended that neither the furnace stack nor the wall was a " building," within the meaning of *St.* 1851, *c.* 343 § 1 ; and that the certificate did not contain a just and true account of the balance due to the petitioner, as required by *St.* 1851, *c.* 343, § 2. *Bishop,* J. dismissed the petition, and the petitioners alleged exceptions.

*J. E. Field,* for the petitioners.

---

* " For labor in the preparation of the stone and laying $1272\frac{17}{25}$ perch in the stack and finishing the same at $3.00 per perch . . $3,818.04
"For labor in preparing the stone and laying $637\frac{1}{25}$ perch in the walls adjoining the stack at $2.50 per perch . . . . . 1,642.62

5,460.66
" Deduct cash at sundry times by Stephen R. Gay, agent for Burden 1,817.13

$3,643.53
" The above sum of $3,643.53 is justly due us for such labor after all just credits given."

*I. Sumner & H. L. Dawes,* for the respondents.

BIGELOW, J. The *St.* of 1851, *c.* 343, § 1, gives a lien only for labor performed in erecting, altering or repairing any building. The petitioners do not confine their claim to a lien for the labor performed in building the furnace, but include also the debt due for erecting the wall near and around the furnace. If the furnace is a building, in the sense in which that word is used in the *Sts.* of 1851, *c.* 343, and 1852, *c.* 307, it is very clear that the wall is not. The word "building" cannot be held to include every species of erection on land, such as fences, gates or other like structures. Taken in its broadest sense, it can mean only an erection intended for use and occupation as a habitation or for some purpose of trade, manufacture, ornament or use, constituting a fabric or edifice, such as a house, a store, a church, a shed. That the word building was used in this sense in the statutes above cited, and did not comprehend every species of erection on land, is strongly implied by *St.* 1855, *c.* 431, in which the word "structure" is added to the word "building," in giving a lien for labor and materials.

The wall in the present case cannot be deemed an essential or integral part of the furnace, necessary to its construction, and making a part of the building, like the wall of a cellar, or the foundation stones of a house. It was not connected with the furnace; it was only an appurtenance or appendage to it, inclosing a portion of the lot on which the furnace was erected, and rendering it less liable to encroachment and injury from the sliding of stones, earth or wood from the side of the hill against which it was built. It is like an embankment or wall, unconnected with a building, but intended to protect it from being undermined by the falling over of earth adjacent to it, or by a stream of water which runs near it.

The certificate filed in the registry of deeds therefore did not contain "a just and true account of the demand justly due to him after all just credits given," as required by *St.* 1851, *c.* 343, § 2. *Lynch* v. *Cronan,* 6 Gray, 531. The petitioners, having failed to comply with the requisitions of the statute in the certificate filed by them, cannot maintain these proceedings.

*Petition dismissed.*