**MARO CO., Inc., v. STATE.**

No. 5512.

Court of Civil Appeals of Texas. Amarillo.

Jan. 18, 1943.

Rehearing Denied Feb. 15, 1943.

511

T. A. Hicks and Harris & Martin, all of Wichita Falls, for appellant.

Harry Bunnenberg and Warlick & Bunnenberg, all of Vernon, for appellee.

PITTS, Chief Justice.

Maro Company, Inc., perfected its appeal in this case from a judgment rendered against it by the District Court of Wilbarger County, without a jury, in favor of the State of Texas as plaintiff for itself and Wilbarger County for taxes, penalties, interest and cost in the total sum of $2,-172.32 assessed against an oil and gas leasehold known as 65% or 13/20ths working interest in a certain forty acre tract of land located in said county for the years 1930 to 1941, both inclusive. The record discloses and the trial court so found that the assessments of said property were made against Barkley & Meadows, a partnership, as owners of the property for the years 1930 to 1933, both inclusive, and against Maro Company, Inc., appellants, as owners from 1934 to 1941, both inclusive. Appellant tendered into the trial court the taxes, penalty, interest and cost for the years 1934 to 1941, both inclusive, in the sum of $395.18, which sum was the total amount due for said years according to the undisputed record in this case. The only controversy between the parties is whether or not appellant, Maro Company, Inc., should be held liable for taxes, penalties, interest and cost as assessed against said property for the years 1930 to 1933, both inclusive, when the property in question was owned during said period by Barkley & Meadows.

The record further discloses that there were several other defendants in the suit originally and that Harrold Consolidated Independent School District intervened but that they were all dismissed from the case by the trial court except defendant L. M. Sexton, who, according to the record, bought the leasehold in question from appellant, Maro Company, Inc., on February 10, 1941, who defaulted and failed to appear for trial and against whom the trial court rendered his judgment in the case jointly and severally along with appellant herein, who was the only defendant to appeal from the trial court's judgment.

The record further discloses and the court finds in his findings of fact that for some time within the period of time in question there were three producing oil wells, casing, rods, tubing, pumps and tanks on said leasehold; that the production of the wells had been unprofitable for several years prior to the date of trial of the case on June 16, 1942; and that the leasehold estate was abandoned during the month of February, 1941.

The trial court made additional findings, all of which were objected and excepted to by appellant on the grounds that they were not supported by the pleadings nor the evidence and that some of them were mixed questions of fact and law and appellant timely requested further findings by the trial court, which request was denied by the court, to which action appellant excepted. The trial court's additional findings on the issues before this court were to the effect that the casing, rods, tubing and other such property was removed from the leasehold estate in the month of February, 1941; that the casing, rods, tubing and other such property cannot be found; that the value of the casing, rods, tubing and other such property was assessed and included in the assessments against the leasehold estate; that appellee had a lien upon the casing, rods, tubing and other property to secure the payment of the taxes, penalty, interest and cost for the entire period in question; that the casing, rods, tubing and other such property was the only security appellee had for the taxes in question; that the removal of the casing, rods, tubing and other such property from the leasehold estate destroyed the value of the lien appellant had for the taxes assessed and that the sale of the leasehold from Maro Company, Inc., to L. M. Sexton on February 10, 1941, was

not bona fide but was a simulated sale not made in good faith.

Appellant's points Nos. 1 and 2 may be considered as one assignment of error. Appellant contends that it is personally liable for the taxes, penalty, interest and cost only for the years it owned the property, that is, 1934 to 1941, both inclusive, for which period of time it tendered same into the trial court, but that the property, that is, the casing, rods, tubing and other such property against which the appellee claimed a tax lien being personal property and no levy ever having been made on same by appellee for taxes due, there was no lien as against said personal property and, therefore, no security to be damaged by appellant. Appellant also denies that it assumed the taxes on said property for the years 1930 to 1933, both inclusive, when it purchased the leasehold in question on February 8, 1933, and the record does not disclose the assumption of said taxes by appellant for said years.

Appellee admits that no levy was ever made against the property in question for taxes but appellee is relying on a constitutional and statutory lien against the property in question on the grounds that the casing, rods, tubing and other such property is a part of the realty. Appellee also admits that unless its security by reason of such constitutional and statutory lien has been destroyed by appellant then appellee has no right to recover from appellant the taxes, penalty, interest and cost assessed against the property in question for the years 1930 to 1933, both inclusive.

The controversy resolves itself into a question of whether or not the casing, rods, tubing, pumps, tanks, etc. were personal property or a part of the realty and, if found to be a part of the realty, then whether or not the security, by reason of a tax lien on the property, was destroyed by appellant.

■ Since appellant objected and excepted to the findings of the trial court and asked for further findings consistent with its theory of the case, this court may review the findings of the trial court and is not bound by the trial court's findings unless such are supported by the evidence in the case. Rule No. 307 of Rules of Civil Procedure; 3 Tex.Jur. 237, par. 158.

■ Article 8, section 15 of the State Constitution, Vernon's Ann.St., fixes a lien for taxes on realty and authorizes the seizure and sale of either real or personal property for payment of taxes and penalties in the following language: "The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; * * *."

But the State and county have no lien upon personal property for taxes due by the owner until such property has been levied upon. 61 C.J. 1918; International Harvester Co. of America v. Smith, Tex. Civ.App., 91 S.W.2d 827; State et al. v. Nix et al., Tex.Civ.App., 138 S.W.2d 924.

■ Article 7146 of the Revised Civil Statutes provides: "Real property for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same."

In this connection, it seems that the "buildings, structures and improvements, or other fixtures of whatsoever kind thereon" applies to the improvements placed on the surface of realty but that same does not apply to "all mines, minerals, quarries and fossils in and under the same."

It does not seem that the rule is changed by the provisions of article 7319, R. C. S., which provides as follows: "For the purpose of taxation, real property shall include all lands within this State, and all buildings and fixtures thereon and appertaining thereto, except such as are expressly exempted by law."

Appellee tries to make a distinction between the rule making accessories or appliances such as these a part of the realty for taxable purposes and any other rules governing the question of whether such appliances or accessories are personal property or a part of the realty. After making an exhaustive research we have failed to find any distinction or any difference in the rules applicable in such cases.

■ A good test and a true criterion which is often followed to determine whether property is personal or real is

laid down in the case of Hutchins v. Masterson & Street in 46 Tex. 551, 554, 26 Am.Rep. 286, as follows:

"1st. Has there been a real or constructive annexation of the article in question to the realty?

"2d. Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected?

"3d. Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?—this intention being inferable from the nature of the article, the relation and situation of the parties interested, the policy of the law in respect thereto, the mode of annexation, and purpose or use for which the annexation is made.

"And of these three tests, pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, while the others are chiefly of value as evidence as to this intention."

While appellant contends that the original leasehold in question here from W. T. Waggoner to Barkley & Meadows provided that the casing, rods, tubing, tanks, etc., may be removed by the lessee from the leasehold, we find only a small part of said lease in the record in this case and such a provision, if made, was not contained in that part of the leasehold in the record. However, it stands to reason that the intention of the parties to the original lease contract would be to place the casing, rods, tubing and even the pumps and tanks on such a leasehold for temporary use only with the full intention of removing them onto other leases if desired, and certainly in case production became unprofitable as was the case with the leasehold in question.

It is our opinion that the casing, rods, tubing and other such property in question in this case was not a part of the realty and, therefore, no constitutional or statutory tax lien existed against said property, hence, no security existed for destruction by anyone.

While the trial court finds that the leasehold was sold by appellant to L. M. Sexton on February 10, 1941, and further that the property in question was removed from the leasehold in the month of February, 1941, he does not find that appellant removed the property from the leasehold and a careful examination of the statement of

facts does not reveal to this court who removed such property from the leasehold nor when such was removed.

It is our opinion that it was error to render judgment against appellant for the taxes assessed against Barkley & Meadows for the years 1930 to 1933, both inclusive, and that judgment should have been rendered by the trial court only for $395.-18, the total sum of taxes, penalty, interest and cost assessed against the property in question for the years 1934 to 1941, both inclusive.

The judgment of the trial court is therefore reformed and affirmed accordingly by reducing the judgment from $2,-172.32 to $395.18.