A. P. (Paul) SHUGART et al., Appellants,

v.

NOCONA INDEPENDENT SCHOOL
DISTRICT et al., Appellees.

No. 15700.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 24, 1956.

Rehearing Denied March 30, 1956.

T. B. Coffield, Donald & Donald and J. M. Donald, Bowie, for appellants.

E. G. Aycock, Fort Worth, for appellees.

MASSEY, Chief Justice.

The Nocona Independent School District had brought a suit to foreclose delinquent taxes upon a certain oil and gas lease in Montague County, Texas. Subsequently, and before the suit was tried, said School District and its tax assessor-collector seized the production casing, surface pipe and other oil field equipment, along with storage tanks, separator and "gun barrel" located on the leased premises as personal property. The seizure was pursuant to the provisions of Article 7266 et seq., Vernon's Ann.Tex.Civ.St. The tax collector proposed to sell the property, applying the proceeds upon the same tax indebtedness which was the subject matter of the pending suit.

The owners of the leasehold estate and interests therein on which the property was located applied for a temporary injunction prohibiting the School District and its tax collector from proceeding with the threatened action of selling the property, so seized. Generally, the petitioners for injunctive relief contended that the property seized was their real rather than personal property, and that as such the property was the subject of a pending suit and final determination of all matters should be held in abeyance until there was a final disposition of the suit.

The request for temporary injunction was denied. The petitioners therefor have perfected an appeal.

Judgment affirmed.

■ Quaere 1. Can a taxing authority levy upon and seize personal property not assessed as such in order to collect delinquent taxes accrued upon real estate belonging to the same owner?

Answer: Yes.

■ Quaere 2. Where the taxing authority files a tax and foreclosure suit as to the taxpayer's assessed real estate and such suit is pending for trial, is the authority empowered to seize and sell the taxpayer's personal property because of delinquent taxes upon the real estate?

Answer: Yes.

In connection with Quaere 1, it is noted that prior to the enactment of Article 7328a, V.A.T.S., in 1929, the articles providing for summary seizure and sale of property for taxes included real estate. In view of the legislative act of 1929 only personal property is now subject to summary seizure and sale for taxes.

Under provisions of Article 7272, V.A.T.S., all property of a taxpayer located within the state is liable for state and county taxes due by its owner. Under said article the tax collector is empowered to levy upon and seize personal property found within his county and to sell the same and apply the proceeds upon the delinquent tax indebtedness of its owner, and if no such property be found within the county but is to be found in another county it may be seized and sold by the tax collector of the other county for the benefit of the taxing authority in whose jurisdiction the taxes have become delinquent. Tax collectors for independent school districts indisputably have the authority to seize and sell personal property within their districts. Article 7343, V.A. T.S.

Even when real estate was subject to summary seizure and sale, one parcel of real estate could be so seized and sold because of the delinquency of taxes upon another parcel though there be no delinquency in the case of the property seized. Brymer v. Taylor, 1893, 5 Tex.Civ.App. 103, 23 S.W. 635; 40 Tex.Jur., p. 218, "Taxation", sec. 151, "In General-Statutory Provisions". The authority of the tax collector to seize personal property is conferred upon him by statute, and by virtue of the delinquent indebtedness of a tax debtor made apparent from the collector's tax roll. Article 7266, V.A.T.S.

So, if the character of the property seized is that of personal property rather than real property, a taxing authority is empowered (through its tax collector) to levy upon it and to seize and sell it in order to collect delinquent taxes accrued upon its owner's real estate.

In connection with Quaere 2, it is to be noted that real property is not subject to summary seizure and sale, in view of Article 7328a. Article 7328 outlines the proceedings to be followed in tax suits to foreclose upon real estate because of tax delinquency. Pursuance of such proceedings accomplishes the establishment of the delinquent tax indebtedness as applied to the subject matter and a foreclosure of the tax lien on such specific property of the tax debtor.

■ Of course, it is perfectly proper for a taxing authority to sue and obtain a personal judgment against a tax debtor

for delinquent taxes, be such combined with an application for foreclosure of a lien, or even when he has no property subject to either levy or foreclosure.

██ So long as the taxpayer's total delinquent tax obligation is not merged into a judgment, however, the mere fact that a tax suit pends, in which a part of the relief sought is for foreclosure of a tax lien upon property assessed, does not operate to inhibit collection of the taxes alleged to be due and owing by him under any other procedure available to the taxing authority. In particular, the tax collector can levy upon and seize and sell any personal property of the tax debtor, applying the proceeds of the sale upon the debtor's tax indebtedness, secured or not by a tax lien. The doctrine of election of remedies does not apply in such instances, and there is no estoppel operative against the taxing authority as the automatic result of having first filed a suit to foreclose. See 15-B Tex.Jur., p. 327, et seq., "Election of Remedies"; 18 Am.Jur., p. 131, "Election of Remedies", sec. 4, "Origin and Basis".

██ In instances where the tax debtor has a valid defense which would defeat action of levy and seizure on the part of the tax collector, or defeat the right of the taxing authority to collect any part of the tax alleged to be due and delinquent (which necessarily must support the collector's act), he has the right to enjoin the same in the district court. However, the burden is cast upon him to establish by pleadings and proof his right to an injunction under principles of equity. Sneed v. Ellison, Tex.Civ.App. Amarillo 1938, 116 S.W.2d 864, writ dism. Pursuant thereto he would be required to demonstrate that he had no adequate remedy at law. He must make an attack upon the indebtedness or he must demonstrate the invalidity of the seizure and sale to which the collector has resorted in the collection of the taxes shown on his rolls, and associated therewith show additionally that its allowance would do him irreparable injury in relation to his property or in the nature of property. 24 Tex.Jur., pp. 101–103, "Injunctions", secs. 72–73.

In the present instance the appellants, in their application for injunction, did not attack the amount of taxes claimed to be delinquent and underlying the tax collector's recourse to summary seizure and sale under the provisions of Article 7266 et seq., V.A.T.S. They did attack the seizure and intended sale on the premise that it was real estate rather than personal property which was seized, contended that since the date published for the intended sale was other than on a month's first Tuesday, and contended that having filed a suit against the appellants under the provisions of the statutes relating to tax and foreclosure suits upon real estate, there had been an election of remedies by the taxing authority and its collector as result of which they were estopped from summarily proceeding as in the action sought to be enjoined.

██ Though there is some doubt of the necessity of so doing in view of the state of appellants' pleadings, the appellees proceeded to make out a prima facie case of the validity of the valuations assessed against the real estate as to which the appellees claimed the property seized was a part. The appellants introduced no proof which would meet the requirements of law for avoiding the valuation. See State v. Whittenburg, 1954, 153 Tex. 205, 265 S.W.2d 569. Certainly, if it be considered essential, the appellants' liability for taxes to the extent declared upon by appellees in the notice of seizure and sale may be considered established.

We have already pointed out that estoppel would not be operative against the appellees because of their merely having filed the tax foreclosure suit which pended, and that the doctrine of election of remedies availed naught to the appellants under the circumstances of the case, and no right exists because thereof to have the appellees' threatened action enjoined.

 The lease under which interests inured to the appellants was clearly

one for the production of oil and gas. Even without recourse to other evidence upon the matter of the intention of the parties thereto, it would stand to reason that the placing of casing, rods, tubing and even the pumps and tanks thereon would be for temporary use only, with the full intention of removing them onto other leases if desired, and certainly in case production became unprofitable. Maro Co., Inc., v. State, Tex.Civ.App.Amarillo 1943, 168 S.W.2d 510, error refused. In testing to determine whether property is personal or real there are ordinarily three questions involved, and of these three pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold. Hutchins v. Masterson & Street, 1877, 46 Tex. 551, 554, 26 Am.Rep. 286. In the present instance there appears in the record the operating agreement under which the property levied upon and seized was originally placed upon the leased premises. It is noted therein that the "operator" who placed such upon the premises reserved complete charge and possession thereof along with the right of removal, in case of abandonment, of all of it, even including the salvageable pipe in the hole. The property may be treated as personalty rather than real property for tax purposes, and it must logically follow the appellants could not be said to have established any right to an injunction because the levy and seizure was of real property or interests therein, or because it clouded title to real property.

In view of the foregoing it is established that the tax collector was entitled to proceed by way of seizure and sale pursuant to Article 7266 et seq. Article 7273, V.A.T.S., prescribes the prerequisites of a valid sale of personal property so seized, and the record reflects that there was substantial compliance therewith accomplished and prospective but for the temporary restraining order issued pursuant to the injunction hearing. The procedure of sale in connection with seizure and sale under authority of Article 7266 et seq., is special in nature and exclusive. There is no requirement that the tax collector comply with any other laws relative to time of sale, etc., when his action is pursuant thereto.

The judgment is affirmed.