3413



# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

*Lee 1961 Amendment to Art 7146 V.C.S.*

**WILL WILSON**
**ATTORNEY GENERAL**

August 19, 1959

Honorable Joe Resweber          Opinion No. WW- 691
County Attorney
Harris County Courthouse     Re:  Severability of improve-
Houston 2, Texas                  ments from land and classifi-
                                  cation thereof as realty
                                  or personalty for tax pur-
Dear Mr. Resweber:                poses.

We quote from your opinion request as follows:

"On March 1st, 1957 this office, at the
request of Mr. Carl S. Smith, Tax Assessor
and Collector of Harris County, rendered an
opinion regarding the severability of improve-
ments erected by a lessee on land owned by
another party, but under lease to said lessee,
and the classification of such improvements as
realty or personalty.

"It is the feeling of this writer that the
provisions of Article 7146, V.C.S., are very clear      <
and definite as to what is real property for the
purpose of taxation.  It is our further feeling
that the effects of this Statute cannot be varied
by contracts or agreements to the contrary be-
tween private parties.

"On March 34d, 1943 your Office rendered its
Opinion No. 0-5059 regarding a similar situation
where improvements had been erected by the vendee
under a contract for deed.  In this opinion views
similar to ours were expressed.  However, with the
great number of leases currently in existence in
Harris County providing that the improvements
shall remain the property of the Lessee and that
the Lessee shall have the right to remove such at
the termination of the lease, (with taxes becoming
delinquent on many of such improvements), Mr. Smith
feels that an Opinion should be requested from your
Office."

Article 7146, Vernon's Annotated Civil Statutes,
provides that:

> "Real property for the purpose of taxation,
> shall be construed to include the land itself,
> whether laid out in town lots or otherwise, and
> all buildings, structures and improvements, or
> other fixtures of whatsoever kind thereon, and
> all the rights and privileges belonging or in
> anywise appertaining thereto, and all mines,
> minerals, quarries and fossils in and under the
> same. Id."

The early case of W. J. Hutchins v. Masterson and Street, 46 Tex. 551, 26 Am. Rep. 286 (1887), established three criteria for determining whether improvements should be classed as real or personal property: (1) there must be a real or constructive annexation of the article in question to the realty; (2) the article must be adapted to the uses or purposes of the realty to which it is connected; (3) the party making the annexation must intend that the improvement become a permanent accession to the freehold. Of the three tests, pre-eminence is given the question of intention. See Maro Company v. State, 168 S.W.2d 510 (Tex.Civ.App.,1943, error refused). However, the rules of common law which govern the right of private persons to fixtures are not necessarily controlling in the field of taxation. This question turns primarily upon the intention of the Legislature as expressed in the tax statutes and construed by the courts. 154 A.L.R. 1309, 1311.

The A.L.R. Annotation cited above discusses the varying treatment of this problem by different jurisdictions. Certain jurisdictions hold that the improvements are part of the realty and as such are taxable to the lessor. Other jurisdictions hold that the improvements may be severed for the purpose of taxation but are taxable to the lessee as realty. A third school of though taxes the improvements to the lessee as personalty. Texas falls within the third group.

The case of Maro Company v. State, supra, held tha casings, rods, tubing, pumps and tanks which the lessee was entitled to remove from the leasehold were personal property for the purpose of taxation. In reaching its conclusion, the court stated:

> "Appellee tries to make a distinction between
> the rule making accessories or appliances such
> as these a part of the realty for taxable pur-
> poses and any other rules governing the question
> of whether such appliances or accessories are
> personal property or a part of the realty. After

3445

    making an exhaustive research we have failed to find any distinction or any difference in the rules applicable in such cases."

    To the same effect is Shugart v. Nocona Independent School District, 288 S.W.2d 243 (Tex.Civ.App., 1956).

    The case of Armstrong v. Mission Independent School District, 195 S.W. 895 (Tex.Civ.App. 1917) specifically stated that certain buildings constituting a cotton mill located on the property of a lessor were personal property and not real estate because "it /the mill/ consisted of improvements placed upon the land of a railroad company by a lessee with an agreement that it was for the use of the lessee and with the further agreement that it could be removed." This case was reversed in Mission v. Armstrong, 222 S.W. 201 (Tex.Com.App. 1920, opinion approved), but only upon the point of whether or not the school district had a lien for taxes upon the personal property in question.

    For further support of the proposition that Texas regards the general principles of the law of fixtures as controlling the determination of whether property is real or personal for the purposes of taxation, see the case of 900 Main, Inc. v. City of Houston, 150 S.W.2d 468 (Tex.Civ. App. 1941, Dism.Judg.Cor.), in which it was held that an air conditioning system was realty for the purpose of taxation; the court rested its decision on the general law of fixtures and in particular upon the intention of the parties as evidenced by the contract between the lessor and lessee.

    In view of the foregoing authorities, you are respectfully advised that improvements placed upon demised premises by the lessee which remain the property of the lessee and which may be removed at the termination of the lease are personal property for the purpose of taxation.

SUMMARY

    Improvements placed upon leased land by a lessee which remain the property of the lessee and which may be removed at the termination of the lease are severable for the purpose

of taxation and are classified as personalty.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
Jack N. Price
Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

C. K. Richards
J. Arthur Sandlin
Howard Mays

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. GEPPERT