Herbert HANCOX, Appellant,

v.

Russell PEEK, Appellee.

No. 16302.

Court of Civil Appeals of Texas.

Fort Worth.

March 16, 1962.

Rehearing Denied April 6, 1962.

John Whiteside, Fort Worth, for appellant.

Russell L. Peek, pro se.

BOYD, Justice.

Herbert Hancox appeals from a judgment denying his application for an injunction requiring Russell Peek to remove a radiation fall out shelter from its location on Peek's residential lot, on allegations that the shelter was constructed in violation of city ordinances and building restrictions applying to Peek's property.

Trial was to the court, and findings of fact and conclusions of law were filed.

The court found:

The shelter was placed in an excavation and was wholly underground, except that a reinforced concrete slab, which covered the excavation, was two or three inches above the ground; the installation began on a Monday or Tuesday and was completed on the following Saturday; appellant knew of the progress of the installation, but made no protest to appellee until after its completion, although he did protest to city officials; the installation is nearer appellee's property lines than the ordinance and building restrictions permitted, if it be a building or structure within the meaning of those terms as used in the ordinance and restrictions; no damage, monetary or otherwise, was shown to have been sustained by appellant because of the location of the shelter so close to the property lines; the shelter was installed at a cost of $1,950.00; its removal from its present location and its relocation elsewhere on appellee's lot would cost twice the amount expended for its original installation; any other place on

appellee's lot where the shelter could reasonably be relocated would be nearer appellant's property than its present location.

The court concluded that the shelter is not such type and kind of building or structure whose location within certain distances of appellee's property lines is prohibited by the ordinance or building restrictions; that the hardship which would result to appellee if he is required to remove the shelter, compared with any possible damage or inconvenience to appellant is so disproportionate as to require denial of the injunctive relief sought by appellant; and that the installation of the shelter did not constitute a taking of appellant's property rights.

In Truesdell v. Gay, 13 Gray 311, 79 Mass. 311, it was held that a wall built around three sides of the stack of an iron furnace and a few feet from it, to protect it from earth which might otherwise slide down, was not a building. The court said: "The word 'building' cannot be held to include every species of erection on land, such as fences, gates or other like structures. Taken in its broadest sense, it can mean only an erection intended for use and occupation as a habitation or for some purpose of trade, manufacture, ornament or use, constituting a fabric or edifice, such as a house, a store, a church, a shed."

The nearest approach to an authority which we have found is Small v. Parkway Auto Supplies, 258 Mass. 30, 154 N.E. 521, 49 A.L.R. 1361, where it was held that gasoline pumps, under ground gasoline tanks, and pits with concrete sides, inclosed by concrete ramps about 6 inches high, sunk in the ground for the purpose of facilitating the changing of oil in automobile crank cases, were not within a restrictive covenant that no buildings of any kind shall be erected or maintained within a specified distance of a street. This case cited Wilson v. Middlesex Co., 244 Mass. 224, 138 N.E. 699, where it was held that an uncovered stone stairway 20½ feet by 6 feet, leading below the surface of the ground to a basement, having around it above ground a

metal railing 4 feet high, cemented into the stonework of the stairway, was not a "building" within the meaning of that term in a restrictive clause in a deed.

 "Building" was contrasted with or distinguished from "appurtenance" in Juniata Planing Mill Co. v. Saxton Iron Co., 12 Pa.Dist. 171. "Appurtenance", with reference to realty, has been said to be analogous to "improvements"; and it has been defined as something annexed to another thing more worthy; that which belongs to something else; and that which belongs to another thing, but which has not belonged to it immemorially. 6 C.J.S., Appurtenance, p. 134.

We are constrained to believe that the shelter is not a "building" as contemplated by the restrictions and the ordinance, and that it was not error to refuse the injunctive relief.

The judgment is affirmed.