

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 8, 1966

Honorable Chas. H. Bolton          Opinion No. C-600
County Attorney
Bosque County                      Re:  The authority of a Tax
Meridian, Texas                         Collector to summarily
                                        levy upon, seize, post
                                        and sell personal prop-
                                        erty for delinquent
                                        taxes under the pro-
                                        visions of Articles 7272
Dear Mr. Bolton:                        and 7273, V.C.S.

By letter of January 21, 1966, you request an opinion
of this office on the following question, to-wit:

> "Can a County Tax Collector, under Articles
> 7272 and 7273, V.A.C.S. summarily levy
> upon, seize, post and sell personal pro-
> perty by virtue of the Collectors Tax Roll,
> and sell it for delinquent taxes against
> it; and, what is the procedure?"

Article 8, Section 15, of the Constitution of Texas,
confers upon the Legislature the power to provide for the
collection of delinquent taxes. This section is as follows:

> "The annual assessments made upon landed
> property shall be a special lien thereon;
> and all property, both real and <u>personal</u>
> belonging to any delinquent taxpayer shall
> be liable to seizure and sale for the
> payment of all the taxes and penalties due
> by such delinquent; and such property may
> be sold for the payment of the taxes and
> penalties due by such delinquent, <u>under
> such regulations as the Legislature may
> provide</u>." (Emphasis added)

Pursuant to the Constitutional mandate, the Legislature provided methods for the collection of delinquent taxes. That portion of Article 7272, Vernon's Civil Statutes, pertinent to your question is as follows:

> "All real and personal property held or
> owned by any person in this State shall
> be liable for all State and County Taxes
> due by the owner thereof, including tax
> on real estate, personal property and
> poll tax; and the Tax Collector shall
> levy on any personal or real property to
> be found in his county to satisfy all
> delinquent taxes, any law to the contrary
> notwithstanding." (Emphasis added)

Summary sales of real property under the provisions of the above Article brought about such strong opposition to this procedure that the Legislature in 1929 enacted Chapter 48 of the Acts of the Regular Session of the 41st Legislature, Article 7328a, Vernon's Civil Statutes. Section 1 of this Act provides:

> "That all sales of real estate made for
> the collection of delinquent taxes due
> thereon shall be made only after the
> foreclosure of tax lien securing same
> has been had in a court of competent
> jurisdiction in accordance with existing
> laws governing the foreclosure of tax
> liens in delinquent tax suits."

The Court in Duncan v. Gabler, 147 Tex. 229, 215 S.W 2d 155 (1949), held that the above Act of 1929 was constitutional and that land could not be sold for delinquent taxes except after a foreclosure of the tax lien in a court. Former opinions of this office, namely, Opinions Nos. O-683-A (1939) and V-815 (1949) are to the same effect.

We find no court decision condemning the summary sale of personal property for delinquent taxes, nor any amendments applying to the sale of personal property such as the one covering real property; however, we do find approval of the use of the procedure set forth in Article 7272, supra. In the case of Shugart v. Nocona Independent School District, 288 S.W.2d 243 (Tex.Civ.App. 1956), we find the following:

"In view of the legislative act of 1929
only personal property is now subject to
summary seizure and sale for taxes.

"Under provisions of Article 7272, V.A.T.S.,
all property of a taxpayer located within
the state is liable for state and county
taxes due by its owner. Under said article
the tax collector is empowered to levy
upon and seize personal property found
within his county and to sell the same
and apply the proceeds upon the delinquent
tax indebtedness of its owner, . . ."

In view of the above, it is our opinion that the Tax
Collector may seize and sell personal property for delinquent
taxes, without the necessity of a tax suit being filed for the
collection of such taxes.

The next part of your request inquires as to what pro-
cedure is to be followed in the collection of delinquent
taxes by summary sale. A former opinion of this office, being
Opinion No. O-5540 (1943), discusses in considerable detail
the different methods used in levying on personal property,
and we are attaching hereto a copy of the above opinion for
your consideration.

The mechanics of a sale of personal property levied on
for delinquent taxes is governed by the provisions of Article
7273, Vernon's Civil Statutes, which Article is self-explanatory.

The question of selling personal property by a summary sale
for delinquent taxes which is exempt from forced sale under the
provisions of Article 3832, Vernon's Civil Statutes, was not
covered in your opinion request; however, in view of our hold-
ing in this opinion, we are attaching hereto a copy of Attorney
General Opinion No. WW-953, dated October 27, 1960, covering
this particular question.

## SUMMARY

Personal property, not exempt from
forced sale, may be levied upon,
seized and sold by the Tax Collector

for delinquent taxes. The sale of
such property to be made in accordance
with the provisions of Article 7273,
V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General

By Gordon C. Cass
Assistant

GCC/fb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Harry Gee
Jack Goodman
Kerns Taylor
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright