

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 15, 1974

The Honorable J. E. Blackburn
Hansford County Attorney
Box 38
Spearman, Texas 79081

Opinion No. H- 370

Re: Proper method of taxing
water pump and irrigation
casing when placed in a water
well.

Dear Mr. Blackburn:

You have requested our opinion as to the proper method of taxing a water pump and irrigation casing which a taxpayer in your county has placed in a water well located on his property. In assessing the value of the taxpayer's land in order to collect ad valorem property taxes, the county has taken into account the increase in the land's value produced by the addition of the well. In addition, the county proposes to tax both the pump and the casing separately as personal property. The taxpayer has objected to this method of taxation on the ground that it constitutes double taxation, and you have referred the matter to this office for an opinion.

Except as expressly exempted, all property, real, personal, or mixed, is subject to taxation. Article 7145, V. T. C. S. For tax purposes real property is defined in Art. 7146, V. T. C. S., as follows:

> Real property for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon . . . .

Personal property is defined in Art. 7147, V. T. C. S., to include:

> Personal property, for the purposes of taxation,
> shall be construed to include all goods, chattels and
> effects . . . .

Under Art. 7146, then, the existence of fixtures and other improvements on a taxpayer's land should be considered by tax assessors in determining the value of that land. Their value should be included in the value assigned to the realty. They are not to be taxed separately as personal property. If the water pump and casing about which you are concerned are in fact fixtures, then it would be improper for the county to tax them separately as personalty. Instead they should be taken into account in assigning a value to the taxpayer's realty and taxed as part of that realty.

Generally a fixture is something that is personal in nature but so annexed to realty as to have become a part of it. 25 Tex. Jur. 2d, Fixtures, §1 p. 393. The test to be used in determining whether a particular article or structure is a fixture was set out in the leading case of Hutchins v. Masterson & Street, 46 Tex. 551 (1877) as follows:

> 1st. Has there been a real or constructive
> annexation of the article in question to the realty?
>
> 2nd. Was there a fitness or adaptation of such
> article to the uses or purposes of the realty with
> which it is connected?
>
> 3d. Whether or not it was the intention of the
> party making the annexation that the chattel should
> become a permanent accession to the freehold? --
> this intention being inferable from the nature of the article,
> the relation and situation of the parties interested, the
> policy of the law in respect thereto, the mode of

> annexation, and purpose or use for which the
> annexation is made.
>
> And of these three tests, pre-eminence is
> to be given to the question of intention to make
> the article a permanent accession to the freehold,
> while the others are chiefly of value as evidence
> as to this intention . . . . Hutchins, supra at 554.

This test has been reaffirmed and applied both by the courts and by this office on numerous occasions. Ruby v. Cambridge Mutual Fire Insurance Co., 358 S. W. 2d 943 (Tex. Civ. App., Dallas 1962, no writ); Shugart v. Nocona Independent School District, 288 S. W. 2d 243 (Tex. Civ. App., Ft. Worth 1956, no writ); Maro Co. v. State, 168 S. W. 2d 510 (Tex. Civ. App., Amarillo 1943, writ ref.); Bantuelle v. Chapman, 256 S. W. 936 (Tex. Civ. App., Texarkana 1923, no writ); and Attorney General Opinion O-5268 (1943).

Thus resolution of the question of whether or not certain property is a fixture depends on the circumstances surrounding its placement on the land with particular emphasis being accorded to the intention of the party, or parties, who has placed it there. Since the same article or structure may in one set of circumstances be considered realty and in another be considered personalty, no categorical rules applicable to particular properties can be stated.

There have been several cases in which the question before the court was whether equipment such as pumps and casing were fixtures. For instance, in Maro Co. v. State, supra, the holder of an oil and gas lease had brought casing, rods, tanks, pumps, etc., onto the property in order to engage in drilling with the full intention of removing the equipment as soon as production became unprofitable or inconvenient. In these circumstances the court ruled that the equipment was personalty. See also Shugart v. Nocona Independent School District, supra.

Similarly where pumps and casing were installed pursuant to an agreement between the buyer and seller that they would remain personalty subject to a chattel mortgage, the court found that they were personal property and not fixtures even though they were solidly fastened to the land. Morris v. Biggs & Co., 165 S. W. 2d 915 (Tex. Civ. App., Amarillo 1942, writ dism.) and Texas Power and Light Co. v. Malone, 42 S. W. 2d 845 (Tex. Civ. App., Amarillo 1931, writ dism.). On the other hand where water pumps and casing were installed in order to improve the productivity of the land and there was no indication that the equipment was not intended to become a permanent part of the realty, courts have concluded that such equipment was a fixture. First State and Savings Bank v. Oliver, 198 P. 920 (Ore. 1921); See Attorney General Opinion O-5268 (1943) and cases cited therein.

These cases plainly indicate that no categorical rule can be fashioned for determining whether water pumps and casing are fixtures. If it can readily be inferred from the circumstances surrounding their installation that the owner intended them to become a permanent part of the realty, then they are fixtures. If, However, the taxpayer has installed them only for temporary use fully intending to remove them whenever convenient, then they must be considered personalty.

The answer to your question depends upon whether or not the taxpayer's water pump and casing are determined to be fixtures. If they are, then under Art. 7146 they must be taxed as part of the realty. The value they add to the taxpayer's land should be taken into account in assessing its value, and they cannot be taxed separately as personalty. On the other hand if they are determined to be personalty, then they can be taxed separately, but their value could not also be included in the value assigned to the taxpayer's realty.

## SUMMARY

Under Art. 7146, V. T. C. S., fixtures and other improvements should be taxed as part of the taxpayer's

real property.  Their value should be taken into account in assigning a value to the taxpayer's realty, and they cannot then be taxed again separately as personal property.

Whether a water pump and irrigation casing are fixtures depends on the facts of the particular case.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee