

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 2, 1997

The Honorable C. E. "Mike" Thomas III
Howard County Attorney
P.O. Box 2096
Big Spring, Texas 79721

Opinion No. DM-438

Re: Ad valorem taxation of equipment used to produce minerals on mineral leasehold estate, and related questions (RQ-918)

Dear Mr. Wilkerson:

You have requested our opinion regarding the proper method of assessing and collecting ad valorem taxes[1] on "casing, tubing, pump jacks, tanks, surface pipe" and other equipment used to produce minerals on a mineral leasehold estate. As you know, both real and personal property are subject to ad valorem taxation in Texas unless exempted by law from taxation. Tax Code § 11.01(a). Because certain tax statutes and tax provisions of the Texas Constitution treat real and personal property differently, property must be classified as one or the other for certain ad valorem taxation purposes.

You state that the Howard County Tax Appraisal District[2] and "most, if not all, tax appraisal districts around the state, include in their appraisal of oil and gas mineral leasehold interests the production equipment necessary to produce the oil and gas." You explain that a property owner has challenged the district's appraisal method, as follows:

> A delinquent taxpayer has attempted to break out the portion of the account attributable to the production equipment and claim the four year statute of limitation applies to that portion of the account. The Howard County Tax Appraisal District has taken the position that the production equipment is indispensable to the production of oil and gas on the leasehold estate, and is therefore taxable as an improvement, fixture or appurtenance to the realty and may be included in the value of the leasehold interest.

You first ask whether the appraisal district may include the value of production equipment as part of the value of the mineral leasehold for which the equipment is used. We conclude that irrespective of whether production equipment is real or personal property, it must be appraised

---

[1] Ad valorem taxes are taxes imposed on the value of property. BLACK'S LAW DICTIONARY 51 (6th ed. 1990).

[2] Appraisal districts are responsible for appraising property for taxing units that impose ad valorem taxes on property located in the appraisal district. Tax Code § 6.01; Tex. Const. art. VIII, § 18(b). Taxing units include cities, counties, school districts, and other political subdivisions of the state that are authorized to impose and are imposing ad valorem taxes on property. Tax Code § 1.04(12).

separately from its corresponding mineral leasehold interest. The Tax Code specifically designates land, improvements, interests in real property, and personal property as separate taxable entities. *See* Tax Code §§ 1.04, 25.02, .04.[3] Thus courts have held that land, improvements to land, and interests in land must be appraised separately, even though they are all included within the code's definition of "real property." *See Cameron County Appraisal Review Bd. v. Creditbanc Sav. Ass'n*, 763 S.W.2d 577, 579-80 (Tex. App.--Corpus Christi 1988, writ denied) ("This specific enumeration by the legislature appears to show the legislative intent that land and improvements are separate entities."); *see also Walker v. Appraisal Review Bd.*, 846 S.W.2d 14, 16 (Tex. App.--San Antonio 1992, writ denied) ("[R]equiring the Tax Appraisal District to maintain the separate listing of both land and improvement is more than a mere bookkeeping requirement."). The appraisals may be combined into one taxpayer account, but the account must reflect separate valuations for each taxable property. *See* Tax Code §§ 1.04, 25.02, .04.

You next ask which statute of limitations period applies to the collection of a delinquent tax account if the values of the production equipment and the mineral leasehold interest are combined into one account. As your question suggests, the classification of property as real or personal is material to the statute of limitations because the statute treats real and personal property differently. It provides:

(a) Personal property may not be seized and a suit may not be filed:

(1) to collect a tax on personal property that has been delinquent more than four years; or

(2) to collect a tax on real property that has been delinquent more than 20 years.

*Id.* § 33.05. Since an account may include taxes on several taxable properties, a different limitations period may apply to different parts of the account. Determination of the appropriate statute of limitations turns upon whether the property is real or personal. If the property is personal, taxes on it may not be collected by suit or seizure if they have been delinquent for more than four years. If the property is real, the twenty-year limitations period applies. You have asked about the property classification of equipment used to produce minerals on a mineral leasehold estate.

---

[3]Prior to the 1979 codification of the Property Tax Code, the definition of "real property" included improvements thereon, and no provision required the improvements to be valued separately. Thus prior to enactment of the new code, improvements were appraised as part of the value of the real estate. *See* Attorney General Opinion H-370 (1974) at 2 (referring to definition of real property in former V.T.C.S. article 7146 and concluding that value of fixtures and other improvements on land "should be included in the value assigned to the realty"); *cf. Cameron County Appraisal Review Bd. v. Creditbanc Sav. Ass'n*, 763 S.W.2d 577, 579-80 (Tex. App.--Corpus Christi 1988, writ denied) ("Under the new provisions of the Property Tax Code the legislature has specifically designated land and improvements and other taxable interests as separate entities of real property.").

We begin with the relevant statutory definitions. "Personal property" is property that is not real property. *Id.* § 1.04(4). "Real property" is:

>    (A)   land;
>
>    (B)   an improvement;
>
>    (C)   a mine or quarry;
>
>    (D)   a mineral in place;
>
>    (E)   standing timber; or
>
>    (F)   an estate or interest, other than a mortgage deed of trust creating a lien on property or an interest securing payment or performance of an obligation, in a property enumerated in Paragraphs (A) through (E) of this subdivision.

*Id.* § 1.04(2). Since oil and gas and other mineral leaseholds are "estates or interests" in minerals in place, they are taxable as real property. *Prince Bros. Drilling Co. v. Fuhrman Petroleum Corp.*, 150 S.W.2d 314 (Tex. Civ. App.--El Paso 1941, writ ref'd); Attorney General Opinion MW- 402 (1981). Thus the twenty-year limitations period applies to the collection of delinquent taxes on mineral leaseholds.

With respect to mineral production equipment used on a leasehold, you state that the Howard County Appraisal District and other districts around the state appraise production equipment as real property along with the corresponding oil and gas leasehold interests because the equipment is "indispensable to the production of oil and gas on the leasehold estate, and is therefore taxable as an improvement, fixture, or appurtenance to the realty." We found no authority to support your view that property is considered an improvement, fixture, or appurtenance to real property if it is "indispensable" to the property. Furthermore, since a mineral interest is taxable whether it is "producing" or not, we decline to link the tax classification of equipment to the production status of the interest. *See* Attorney General Opinion MW-402 (1981) at 2; Tax Code § 23.17.

Instead, an "improvement" taxable as real property is defined by the Tax Code as:

>    (A)   a building, structure, fixture, or fence erected on or affixed to land; or
>
>    (B)   a transportable structure that is designed to be occupied for residential or business purposes, whether or not it is affixed to land, if the owner of the structure owns the land on which it is located, unless the structure is unoccupied and held for sale or normally is located at a particular place only temporarily.

Tax Code § 1.04(3). Courts have long considered three factors in determining whether an article of property affixed to real property[4] is an improvement:[5]

> (1) the mode and sufficiency of the annexation of the article to the realty, whether real or constructive;

> (2) the adaptation of the article to the uses or purposes of the realty; and

> (3) the intention of the party making the annexation.

The third factor, intention, is the preeminent factor, and the first two are evidence of intention. *See Sonnier v. Chisholm-Ryder Co.*, 909 S.W.2d 475, 479 (Tex. 1995); *Logan v. Mullis*, 686 S.W.2d 605, 607-08 (Tex. 1985); *Hutchins v. Masterson & Street*, 46 Tex. 551, 554 (1877).

In Attorney General Opinion H-370 (1974), this office considered the three factors with respect to the classification of a water pump and irrigation casing used with a water well. We concluded that the classification of property as real or personal requires the consideration of facts unique to each piece of property.

> [R]esolution of the question of whether or not certain property is a fixture depends on the circumstances surrounding its placement on the land with particular emphasis being accorded to the intention of the party, or parties, who has placed it there. Since the same article or structure may in one set of circumstances be considered realty and in another be considered personalty, no categorical rules applicable to particular properties can be stated.

Attorney General Opinion H-370 (1974) at 3; *see also Melendez v. State*, 902 S.W.2d 132, 137 (Tex. App.--Houston [1st Dist.] 1995, no writ) ("Generally, whether a particular item is a fixture or personalty is a question of fact, and should be determined by the factfinder."). We similarly are of the opinion that neither this office nor county appraisal districts can categorically classify mineral production equipment as either real or personal property. Determinations of the proper tax classification of production equipment must be made on a case-by-case basis.

Court opinions addressing the tax treatment of mineral production equipment offer some guidance for districts in making these determinations. In *Maro Co. v. State*, 168 S.W.2d 510 (Tex. Civ. App.--Amarillo 1943, writ ref'd), Wilbarger County argued that casing, rods, tubing, pumps, and

---

[4]While the Tax Code seems to define an "improvement" only in relation to the surface of the land upon which it is placed, courts have recognized that improvements may be defined in relation to leasehold interests. *See Shugart v. Nocona Indep. Sch. Dist.*, 288 S.W.2d 243, 247 (Tex. Civ. App.--Fort Worth 1956, no writ); *Maro Co. v. State*, 168 S.W.2d 510, 512 (Tex. Civ. App.--Amarillo 1943, writ ref'd).

[5]"Fixture" is included in the statutory definition of "improvement." Tax Code § 1.04(3). "Appurtenances" are analogous to improvements and fixtures. *See Hancox v. Peek*, 355 S.W.2d 568, 569 (Tex. Civ. App.--Fort Worth 1962, writ ref'd n.r.e.). Our research shows that the same factors are used by courts to determine whether property is an improvement, fixture, or appurtenance.

other equipment used to produce oil on a leasehold estate was real property. Applying the three factors discussed above, the court stated that "it stands to reason that the intention of the parties to the original lease contract would be to place the casing, rods, tubing and even the pumps and tanks on such a leasehold for temporary use only with the full intention of removing them onto other leases if desired, and certainly in case production became unprofitable." The court held that "the casing, rods, tubing and other such property . . . was not a part of the realty." *Id.* at 513.

In *Shugart v. Nocona Independent School District*, 288 S.W.2d 243, 247 (Tex. Civ. App.--Fort Worth 1956, no writ), a taxing unit argued that the casing, surface pipe, storage tanks, and other production equipment located on leased premises were personal property that could be seized and sold for payment of a tax debt. The court agreed, citing *Maro* and applying the three factors, because the record in the case showed that the oil field operator "reserved complete charge and possession . . . [of the equipment] along with the right of removal, in case of abandonment, of all of it, even including the salvageable pipe in the hole." *Id.* at 247.

And in *Lingleville Independent School District v. Valero Transmission Co.*, 763 S.W.2d 616 (Tex. App.--Eastland 1989, writ denied), taxing units filed suit to collect delinquent taxes on a gas pipeline buried beneath the ground. The pipeline owner argued that the suit was barred by the four-year statute of limitations because the pipeline was personal property. The evidence in the case showed that the pipeline company and the surface property owner expressly agreed that the company could remove or replace the pipeline at any time. The court held that the pipeline was personal property because the evidence showed that the parties never intended the pipeline to become a permanent part of the realty. *Id.*

Armed with facts, this office determined in Attorney General Opinion O-5268 (1943) that while pipeline located on an easement was personal property, the pumping equipment also located there was real property. The instrument conveying the easement provided that the grantee "'may remove [the pipeline] . . . in whole or in part at will.'" *Id.* at 7. With respect to the pumping equipment, however, the attorney general concluded that "[w]e have been placed in possession of no facts which indicate the pumping equipment was not intended by the parties to become a part of the realty." *Id.* at 8. The Attorney General cited cases in support of classifying pumping equipment as real property, but all of the cases were from states other than Texas. *Id.*

In sum, a determination of whether mineral production equipment is personal or real property depends upon factors relating to the equipment's placement on the mineral leasehold. If the equipment is personal property, taxes on it may not be collected by suit or seizure if they have been delinquent for more than four years. If the equipment is an "improvement," and thus "real property" as defined by the Tax Code, the twenty-year limitations period applies. Irrespective of whether the equipment is real or personal, it must be appraised separately from the mineral interest for which it is used.

## S U M M A R Y

For purposes of ad valorem taxation, the value of mineral production equipment must be appraised separately from the value of the mineral leasehold interest for which the equipment is used. Determination of the applicable statute of limitations period for collection of delinquent ad valorem taxes turns upon whether the property is real or personal. If the property is personal, taxes on it may not be collected by suit or seizure if they have been delinquent for more than four years. If the property is real, the twenty-year limitations period applies. Mineral production equipment cannot be categorically classified as either real or personal property. Instead, determinations of the proper tax classification of production equipment must be made on a case-by-case basis.

Yours very truly,

**DAN MORALES**
Attorney General of Texas

JORGE VEGA
*First Assistant Attorney General*

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General