Dear Senator Brown,
¶ 0 This office has received your request for an official Opinion asking, in effect, the following questions:
1. Under 19 O.S. 1991, § 863.13[19-863.13], may county governments zoneconcentrated animal feeding operations?
2. May vertically integrated poultry and swine companies operatein the State under 18 O.S. Supp. 1998, § 954(3)?
 I.
¶ 1 The Oklahoma statutes break down the counties of the State into several categories for the purpose of specifying the extent of a county's zoning power and the manner in which this power is to be exercised. The provisions relating to counties containing a city with a population of 180,000 or more are fairly representative:
 For the purposes of promoting the public health, safety, peace, morals, [and] comfort . . . the board of any such county, as respects the unincorporated areas of the county, [is] hereby empowered . . . to regulate the location, height, bulk, number of stories and size of buildings and other structures,
. . . and the uses of buildings, structures and land for trade, industry, residence, recreation, civic and public activities and other purposes.
 The zoning power hereby conferred shall not apply to the erection, installation, and use of structures and equipment, by public service corporations subject to the jurisdiction and regulation of the Corporation Commission of the State of Oklahoma, or other similar state or federal regulatory bodies; nor to the erection or use of the usual farm buildings
for agricultural purposes or the plan[t]ing of agricultural crops.
19 O.S. 1991, § 863.13[19-863.13] (emphasis added).
¶ 2 Under this provision, then, the specified counties may zone "buildings and other structures" and regulate the use of "buildings, structures and land" but they may not use their zoning powers to control "the erection or use of the usual farm buildings." Nearly identical restrictions can be found 19 O.S.1991, § 866.16[19-866.16] (zoning power of counties with no city of more than 200,000 population); 19 O.S. 1991, § 868.11[19-868.11] (zoning power of counties with populations in excess of 500,000); 19 O.S.1991, § 869.6[19-869.6] (zoning power of Lake Area Planning Commissions); and 19 O.S. § 865.51[19-865.51] (county planning powers). Although it is used repeatedly in the provisions governing county zoning, the term "building" is not defined by those provisions. The Legislature has, however, provided that "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." 25 O.S. 1991, § 2[25-2];see also Rodgers v. Higgins, 871 P.2d 398, 408 n. 60 (Okla. 1993).
¶ 3 "Building" is defined twice in the Oklahoma statutes, both times receiving essentially the same definition. The State Architectural Act defines "building" as "a structure consisting of a foundation, walls, [and] roof, with or without other parts."59 O.S. Supp. 1998, § 46.3[59-46.3]. Similarly, the Oklahoma Enterprise Zone Act provides that "building" means "a structure consisting of a foundation, walls, roof and other parts necessary to its occupation." 62 O.S. Supp. 1998, § 690.2[62-690.2](2). "Structure," like "building" is not defined in the county zoning acts. It is, however, broadly defined in the statutory provisions governing airport zoning to include "any object constructed or installed by man." 3 O.S. Supp. 1998, § 101[3-101](6). It is used in this same sense throughout the county zoning provisions which make continual reference to "buildings and other structures." See,e.g., 19 O.S. 1991, §§ 863.13[19-863.13], 863.18, 866.16, 866.17, 866.21, and 868.17. Thus, for purposes of county zoning, a building is a particular kind of structure that has a foundation, walls, and a roof.
¶ 4 The County Zoning Act grants the power to zone "buildings and other structures" and the use of "buildings, structures and land." 19 O.S. 1991, § 863.13[19-863.13]. However, it exempts from this power "the erection or use of the usual farm buildings." Id.
(emphasis added). Thus an exception is carved out of the general power to zone structures for those particular structures that are, in fact, farm buildings. In the specific context of Concentrated Animal Feeding Operations ("CAFOs"), then, counties do not have the power to zone those CAFO components such as barns, which are buildings.[1] However, counties do have the power to zone structures, such as waste lagoons, which are not buildings.[2]
¶ 5 This conclusion is in harmony with the provisions of the Oklahoma Concentrated Animal Feeding Operations Act, 2 O.S.Supp. 1998, §§ 9-201[2-9-201] through 9-215 ("the Act"). The Act itself makes clear both that lagoons are not buildings and that CAFOs may be properly subjected to zoning regulations. The Act defines "facility" as including "buildings, lots, pens, and animal waste management systems [i.e., lagoons]." 2 O.S. Supp. 1998, §9-202[2-9-202](B)(15). More importantly, the Act specifically recognizes that animal feeding operations are subject to zoning regulations. Subsection 9-210(B)(1) of the Act mandates: "no animal feeding operations shall be located or operated in violation of any zoning regulations."
¶ 6 In light of the statutory provisions governing county zoning and the Concentrated Animal Feeding Operations Act, we must conclude that counties may zone those elements of animal feeding operations which are not buildings.
 II.
¶ 7 Your second question asks whether vertically integrated poultry and swine corporations may operate legally within the State. Vertical integration consists of "the performance within one firm of two or more steps in the chain of production and distribution." University Life Insurance Company of America v.Unimarc, 699 F.2d 846, 852 (7th Cir. 1983). Thus a poultry operation can be said to be vertically integrated when it combines several of the steps necessary to bring poultry to market. These steps include laying the eggs, hatching the eggs that are laid, raising the chickens to full growth, and finally slaughtering and processing the chickens. See Holly FarmsCorporation v. N.L.R.B., 517 U.S. 392, 395 (1996). In addition, a vertically integrated operation may provide related necessary services such as raising feed, producing breeding stock, or fabricating the poultry barns themselves.
¶ 8 Title 18, Section 951 imposes restrictions on corporations being formed for the purpose of farming or ranching. However, Section 954(3) of the statute provides an exemption for a corporation that:
 Engages in poultry and/or swine operations, including only directly related operations, such as operating hatcheries, facilities for the production of breeding stock, feed mills, processing facilities, and providing supervisory, technical and other assistance to any other persons performing such services on behalf of the corporation[.]
18 O.S. Supp. 1998, § 954[18-954](3).
¶ 9 Therefore, a corporation may indeed engage in farming to the extent that such farming constitutes a poultry or swine operation or an operation "directly related" to swine or poultry production. The fact that the corporation may be vertically integrated and thus control several steps in the life cycle of the poultry is irrelevant to the determination of whether it "[e]ngages in poultry and/or swine operations." Thus the legality of a corporation owning a hatchery would be unaffected by the corporation's simultaneous ownership of a broiler house where the birds are raised to full-grown chickens. Instead, the only question would be whether the corporation is engaged in farming or ranching which is neither poultry and/or swine production nor directly related to such production. Whether a particular farming operation is "directly related" to poultry or swine production is a question of fact that cannot be addressed in an Attorney General Opinion. 74 O.S. Supp. 1998, § 18b[74-18b](A)(5).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. County governments may zone those components of concentratedanimal feeding operations, such as waste lagoons, which are notfarm buildings. 19 O.S. 1991, § 863.13[19-863.13].
2. The fact that a poultry or swine corporation is verticallyintegrated will not in and of itself prevent the corporation fromengaging in farming or ranching in Oklahoma. 18 O.S. 1991, §951[18-951]; 18 O.S. Supp. 1998, § 954(3).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WILLIAM F. O'BRIEN ASSISTANT ATTORNEY GENERAL
CANNON MILES TOLBERT ASSISTANT ATTORNEY GENERAL
[1] Whether the particular buildings used in the operation of a CAFO are "the usual farm buildings" is a questions of fact which cannot be answered in the context of an Attorney General Opinion.74 O.S. Supp. 1998, § 18b[74-18b](A)(5).
[2] The courts have reached similar conclusions based the ordinary meaning of "building" See, e.g., Freeform Pools v.Strawbridge Home for Boys, 179 A.2d 683, 685 (Md.Ct.App. 1962) ("Clearly then it can not be said that [a swimming pool] is a `building' within the broadest meaning ascribed to that word.");Hancox v. Peek, 355 S.W.2d 568, 569 (Tex.Ct.Civ.App. 1962) (fallout shelter not a "building" within meaning of zoning ordinance); Albini v. Board Of Appeals, 246 N.Y.S.2d 506, 508
(N.Y.Sup.Ct. 1964) (outdoor swimming pool not a "building" for zoning purposes); Stevenson v. Board Of Adjustment,96 S.E.2d 456, 461 (S.C. 1957) (graves are not "buildings" for zoning purposes).